FDF:cf
1399-181
Pld\Complaint
1/7/00



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **00-6022**

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

    Defendant(s).

_____/

## COMPLAINT

COMES NOW the Plaintiffs, HENRY NARANJO and MARLENE RAMIREZ, by and through their undersigned counsel, and pursuant to 33 U.S.C. §905(b) and the General Maritime Law of the United States, file this Complaint against STEPHEN BYRON SMITH, as state as follows:

1. This action arises under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §905(b), as hereinafter more fully appears.

2. At all times material hereto, HENRY NARANJO is a resident of Broward County, Florida.

3. At all times material hereto, MARLENE RAMIREZ was lawfully married to HENRY NARANJO, and is a resident of Broward County, Florida.

4. At all times material hereto, STEPHEN BYRON SMITH, was the owner of the 79-foot aluminum yacht "Souvenir," Official Number 674644.



5. At all times material hereto, STEPHEN BYRON SMITH and/or his agents were operating the yacht "Souvenir" in the navigable waters of the United States, specifically, Broward County, Florida.

6. At all times material hereto, STEPHEN BYRON SMITH operated, navigated, and maintained a yacht in or about Broward County, Florida, either in person or through others, and otherwise:

   A. Committed a tortuous act within the State of Florida;

   B. Was engaged in systematic, substantial, continuous, and not isolated activity within the State of Florida; and

   C. Made a claim for and collected insurance proceeds for a loss to his yacht "Souvenir," in Broward County, Florida.

7. On or about July 7, 1997, STEPHEN BYRON SMITH had the yacht "Souvenir" at Bradford Marine in Broward County, Florida, for repairs, alterations, and/or maintenance.

8. At all times material hereto, the vessel was upon navigable waters of the United States.

9. HENRY NARANJO was employed by Bradford Marine as a welder, and was assigned to carry out the repairs, alterations, and/or maintenance to the yacht "Souvenir" at the direction and control of STEPHEN BYRON SMITH and/or his agents.

10. At all times material hereto, HENRY NARANJO occupied the status of a harbor worker or ship repairer aboard the yacht "Souvenir" in Broward County, Florida.

## COUNT I

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 10 above, as though fully set forth herein, and further allege:

11. On or about July 7, 1997, HENRY NARANJO was instructed by STEPHEN BYRON SMITH's agent, Captain John K. Bredbeck, to commence repairs, alterations, and/or maintenance in the lazarette of the yacht "Souvenir."

12. HENRY NARANJO proceeded to accomplish this task in a safe and workmanlike manner and exercised reasonable care for his safety, the safety of others, and the safety of the yacht "Souvenir."

13. STEPHEN BYRON SMITH and/or his agents failed to turn over the yacht "Souvenir" in a reasonably safe condition and STEPHEN BYRON SMITH and/or his agents knew or should have known there was a dangerous condition aboard the yacht "Souvenir."

14. STEPHEN BYRON SMITH and/or his agents, specifically, Captain John K. Bredbeck, by act and/or omission were negligent in the following manner:

   A. By failing to warn HENRY NARANJO of a latent or concealed peril about the yacht "Souvenir."

   B. By failing to exercise reasonable care under the circumstances.

   C. By failing to turn over the yacht in a reasonably safe condition.

   D. By failing to discover a dangerous condition aboard the vessel.

   E. By failing to operate and/or maintain the vessel in a safe manner.

15. All of the here and above alleged constitute negligence and carelessness by the Defendant, and was a breach of the duties owed by the Defendant to the Plaintiff.

3

16. As a direct and proximate result, HENRY NARANJO suffered permanent injury in and to his body, and has suffered in the past and will continue to suffer in the future the following damages:

   A. Pain and suffering;

   B. Disability;

   C. Disfigurement;

   D. Mental anguish';

   E. Loss of capacity for the enjoyment of life;

   F. Loss of earnings;

   G. Loss of earnings capacity;

   H. Medical expenses.

WHEREFORE, Plaintiff HENRY NARANJO demands judgment against the Defendant, and a trial by jury, court costs, and such other relief this Court deems just and proper.

## COUNT II

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 10 above and Count I, as though fully set forth herein, and further allege:

17. As a direct and proximate result of her husband's injury, MARLENE RAMIREZ has sustained the following damages, both in the past and in the future:

   A. Loss of consortium;

   B. Loss of affection;

   C. Loss of attention;

   D. Loss of society;

   E. Loss of comfort;

   F. Medical expenses.

4

WHEREFORE, Plaintiff MARLENE RAMIREZ demands judgment against the Defendant STEPHEN BYRON SMITH, a trial by jury, court costs, and such other relief this court deems just.

DATED, this 6 of January, 2000.

        LAW OFFICES OF JOHN W. BURKE, P.A.
**Manuel Valdes, Esquire**
Co-Counsel for Plaintiff
Suite 330, Ocean Bank Building
782 N.W. 42nd Avenue
Miami, FL 33126
Tel: 305/858-6000
Fax: 305/445-0404

BY: _____
     MANUEL VALDES, ESQUIRE
     Fla. Bar No. 13307

and

F. DAVID FAMULARI, ESQUIRE
FLA. BAR NO. 0860506
UNDERWOOD, KARCHER & KARCHER, P.A.
Attorneys for Plaintiff
6th Floor, Grove Plaza Building
2900 S. W. 28th Terrace
Miami, Florida 33133
Tel: (305) 446-2300   Fax: (305) 446-5858

BY: _____
     F. DAVID FAMULARI, ESQUIRE
     FLA. BAR NO. 0860506

# CIVIL COVER SHEET

00-6022 CIV-[...] MAGISTRATE JUDGE TURNOFF

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

HENRY NARANJO and MARLENE RAMIREZ

**DEFENDANTS**

STEPHEN BYRON SMITH

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Broward 99cv6022 Lenard Turnoff

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
UNDERWOOD, KARCHER & KARCHER
6th Floor- Grove Plaza Building
2900 S.W. 28th Terrace
Miami, Florida 33133   305/446-2300

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim brought pursuant to the Longshore and Harbor Workers' Compensation Act, 33 USC Section 905(b)

**IVa.** ___ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property Damage | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ ___
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE ___    DOCKET NUMBER ___

DATE 1/6/00
SIGNATURE OF ATTORNEY OF RECORD: F. David Famulari, Esquire

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 815062   Amount: 150.00
Date Paid: 01/07/00   M/ifp: ___