UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiff,

vs.

STEPHEN BYRON SMITH,

    Defendant.
_____

STEPHEN BYRON SMITH,

    Defendant/
    Third-Party Plaintiff,

vs.

BRADFORD MARINE, INC.,

    Third-Party Defendant.
_____/

CASE NO. 00-6022-CIV-LENARD



### THIRD-PARTY COMPLAINT

Defendant/third-party plaintiff STEPHEN BYRON SMITH ("Smith"), by and through his undersigned counsel, sues third-party defendant BRADFORD MARINE, INC. ("Bradford"), and states and avers the following:

    1.    This Court has subject matter jurisdiction over this cause pursuant to 28 :USCA §1333 and/or 28 USCA §1367.



2. Plaintiffs HENRY NARANJO ("Naranjo") and MARLENE RAMIREZ ("Ramirez") have filed against defendant Smith a complaint, a copy of which is attached hereto as Exhibit "A".

3. At all times material hereto, Smith was the owner of a 1984 Palmer Johnson yacht.

4. Bradford is a Florida corporation doing business in Fort Lauderdale, Florida, as a marina and repair facility.

5. In April of 1997 the vessel was delivered into the possession, custody and control of Bradford for the purpose of repairs and refurbishing.

6. On or about July 7, 1997, in the course of these repairs, Naranjo was working on board the vessel in his capacity as an employee of and within the course and scope of his employment with Bradford.

7. On that date, while performing welding work, Naranjo was injured as a result of an explosion on the vessel.

8. The explosion and resulting injuries suffered by Naranjo were not caused in any way, or in whole or in part, by any actions and/or omission on the part of Smith.

9. Bradford, as a repair contractor hired by Smith to perform the repairs to the vessel, owed a duty and warranty of workmanlike performance with respect to these repairs.

10. Bradford breached this duty and warranty of workmanlike performance in the following respects:

    a)     in failing to properly inspect the vessel prior to the commencement of the work performed in order to insure that it was "gas free" to avoid and preclude any potential explosions such as the one that occurred in this instance;

    b)     in failing to obtain appropriate certificates required to perform the welding work;

    c)     in failing to properly ventilate the spaces and area on board the vessel prior to the welding work being performed;

    d)     in failing to utilize and employ appropriate equipment to test and determine the presence of gas in the area of the vessel prior to the welding work being performed;

    e)     in otherwise failing to act prudently, diligently, and carefully to provide a safe working environment prior to the welding activities being carried out, and in failing to perform the repairs in a workmanlike manner.

11.     Bradford's breach of its warranty of workmanlike performance was a direct and proximate of Naranjo's accident and resulting injuries.

12.     Smith is therefore entitled to recover from Bradford all or part of what Naranjo may recover from Smith.

WHEREFORE, Smith demands judgment against Bradford for all sums that may be adjudged against Smith in favor of Naranjo.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been mailed to: F. David Famulari, Esq., Underwood, Karcher & Karcher, P.A., Attorneys for Plaintiffs, 9th Floor, Grove Plaza Building, 2900 S.W. 28th Terrace, Miami, FL 33133, and Manuel Valdes, Esq., Law Offices of John W. Burke, P.A., Co-counsel for Plaintiffs, Suite 330, Ocean Bank Building, 782 N.W. 42nd Avenue, Miami, FL 33126, this 28 day of January, 2000.

> BADIAK, WILL & KALLEN
> Attorneys for Defendant
> 17071 West Dixie Highway
> No. Miami Beach, Florida 33160
> Tel: 305-945-1851
> Fax: 305-944-8780
>
> By: _____
> John D. Kallen
> Florida Bar No. 277428

C:\WP\00\108\COMP.3DPTY.wpd

PDF:cf
1999-181
MACComplaint
1/7/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and
MARLENE RAMIREZ,

       Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

       Defendant(s).
_____/

CASE NO. 00-6022

CIV-LENARD

## COMPLAINT

COMES NOW the Plaintiffs, HENRY NARANJO and MARLENE RAMIREZ, by and through their undersigned counsel, and pursuant to 33 U.S.C. §905(b) and the General Maritime Law of the United States, file this Complaint against STEPHEN BYRON SMITH, as state as follows:

1. This action arises under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §905(b), as hereinafter more fully appears.

2. At all times material hereto, HENRY NARANJO is a resident of Broward County, Florida.

3. At all times material hereto, MARLENE RAMIREZ was lawfully married to HENRY NARANJO, and is a resident of Broward County, Florida.

4. At all times material hereto, STEPHEN BYRON SMITH, was the owner of the 79-foot aluminum yacht "Souvenir," Official Number 674644.

## COUNT I

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 10 above, as though fully set forth herein, and further allege:

11. On or about July 7, 1997, HENRY NARANJO was instructed by STEPHEN BYRON SMITH's agent, Captain John K. Bredbeck, to commence repairs, alterations, and/or maintenance in the lazarette of the yacht "Souvenir."

12. HENRY NARANJO proceeded to accomplish this task in a safe and workmanlike manner and exercised reasonable care for his safety, the safety of others, and the safety of the yacht "Souvenir."

13. STEPHEN BYRON SMITH and/or his agents failed to turn over the yacht "Souvenir" in a reasonably safe condition and STEPHEN BYRON SMITH and/or his agents knew or should have known there was a dangerous condition aboard the yacht "Souvenir."

14. STEPHEN BYRON SMITH and/or his agents, specifically, Captain John K. Bredbeck, by act and/or omission were negligent in the following manner:

    A. By failing to warn HENRY NARANJO of a latent or concealed peril about the yacht "Souvenir."

    B. By failing to exercise reasonable care under the circumstances.

    C. By failing to turn over the yacht in a reasonably safe condition.

    D. By failing to discover a dangerous condition aboard the vessel.

    E. By failing to operate and/or maintain the vessel in a safe manner.

15. All of the here and above alleged constitute negligence and carelessness by the Defendant, and was a breach of the duties owed by the Defendant to the Plaintiff.

3

5. At all times material hereto, STEPHEN BYRON SMITH and/or his agents were operating the yacht "Souvenir" in the navigable waters of the United States, specifically, Broward County, Florida.

6. At all times material hereto, STEPHEN BYRON SMITH operated, navigated, and maintained a yacht in or about Broward County, Florida, either in person or through others, and otherwise:

   A. Committed a tortuous act within the State of Florida;

   B. Was engaged in systematic, substantial, continuous, and not isolated activity within the State of Florida; and

   C. Made a claim for and collected insurance proceeds for a loss to his yacht "Souvenir," in Broward County, Florida.

7. On or about July 7, 1997, STEPHEN BYRON SMITH had the yacht "Souvenir" at Bradford Marine in Broward County, Florida, for repairs, alterations, and/or maintenance.

8. At all times material hereto, the vessel was upon navigable waters of the United States.

9. HENRY NARANJO was employed by Bradford Marine as a welder, and was assigned to carry out the repairs, alterations, and/or maintenance to the yacht "Souvenir" at the direction and control of STEPHEN BYRON SMITH and/or his agents.

10. At all times material hereto, HENRY NARANJO occupied the status of a harbor worker or ship repairer aboard the yacht "Souvenir" in Broward County, Florida.

WHEREFORE, Plaintiff MARLENE RAMIREZ demands judgment against the Defendant STEPHEN BYRON SMITH, a trial by jury, court costs, and such other relief this court deems just.

DATED, this \_\_6\_\_ of January, 2000.

> LAW OFFICES OF JOHN W. BURKE, P.A.
> Manuel Valdes, Esquire
> Co-Counsel for Plaintiff
> Suite 330, Ocean Bank Building
> 782 N.W. 42nd Avenue
> Miami, FL 33126
> Tel: 305/858-6000
> Fax: 305/445-0404
>
> BY: _____
> MANUEL VALDES, ESQUIRE
> Fla. Bar No. 13307

and

> F. DAVID FAMULARI, ESQUIRE
> FLA. BAR NO. 0860506
> UNDERWOOD, KARCHER & KARCHER, P.A.
> Attorneys for Plaintiff
> 6th Floor, Grove Plaza Building
> 2900 S.W. 28th Terrace
> Miami, Florida 33133
> Tel: (305) 446-2300  Fax: (305) 446-5858
>
> BY: _____
> F. DAVID FAMULARI, ESQUIRE
> FLA. BAR NO. 0860506