UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 00-6022-CIV-LENARD

HENRY NARANJO and
MARLENE RAMIREZ,

     Plaintiff,

vs.

STEPHEN BYRON SMITH,

     Defendant.



STEPHEN BYRON SMITH,

     Defendant/Third-Party Plaintiff,

vs.

BRADFORD MARINE, INC.,

     Third-Party Defendant.
_____/

### THIRD PARTY DEFENDANT's MOTION TO DISMISS
### THIRD PARTY COMPLAINT AND MEMORANDUM OF LAW
### IN SUPPORT THEREOF

COMES NOW Third-Party Defendant, BRADFORD MARINE, INC., by and

through its undersigned counsel, pursuant to Rule 12(b)(6), Federal Rules of Civil

Procedure, and hereby moves for entry of an order of dismissal of Defendant/Third

Party-Plaintiff, STEPHEN BYRON SMITH's Third Party Complaint, stating as follows:

    1.    On or about February 9, 2000, Third-Party Defendant was served with a

Third Party Summons in a civil action and a Third Party Complaint, a copy of which is

attached hereto and incorporated herein by reference as composite **EXHIBIT "A"**.  An

1

extension was granted by the Court pursuant to the Agreed Motion for Extension to file and serve a response to the Third Party Complaint up through March 7, 2000.

     2.    As is revealed by review of the Third Party Complaint and the Plaintiff, HENRY NARANJO's original complaint attached thereto, on or about July 7, 1997, the Plaintiff suffered injuries while allegedly making repairs upon Defendant/Third-Party Plaintiff's vessel, which injuries arose out of and in the course of Plaintiff's employment with Third-Party Defendant, BRADFORD MARINE, INC.

     3.    Defendant/Third-Party Plaintiff alleges that Third-Party Defendant breached the warranty of workmanlike performance and seeks recovery from Third-Party Defendant of all or part of what Plaintiff may recover from Defendant/Third-Party Plaintiff.  Even taking the allegations of the Third Party Complaint as true in passing upon a Motion to Dismiss, see Scheuer v. Krauge, 416 U.S. 232, 94 S.Ct. 1683 (1974), federal maritime law prohibits this very action by a vessel interest against the Third Party Defendant, a stevedore employer.

     4.    In accordance with 33 USCA §905(b), Exclusiveness of Liability, Congress provided as follows:

> (b) Negligence of Vessel
>
> In the event of injury to a person covered under this Chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of §933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.  If such person was employed by the vessel to provide Stevedoring Services no

2

> such action shall be permitted if the injury was caused by
> the negligence of persons engaged in providing Stevedoring
> Services to the vessel (emphasis supplied).

5.    The United States Supreme Court has specifically addressed the

applicability of the aforecited statutory provision and has indicated that the terms

"directly or indirectly" mean what they say.  See Halcyon Lines v. Haenn Ship Ceiling &

Refitting Corp., 342 U.S. 282, 72 S.Ct. 277 (1952);  Edmonds v. Compagnie Generale

Transatlantique, 443 U.S. 256, 99 S.Ct. 2753 (1979).  Plaintiff's Complaint indicates

Plaintiff was Third-Party Defendant's employee performing repairs on Defendant/Third-

Party Plaintiff's vessel when this incident occurred.  Clearly, Longshoreman and Harbor

worker benefits were obligated to be paid by Third-Party Defendant, as Plaintiff has

brought this action against Defendant/Third-Party Plaintiff pursuant to §905(b).

Accordingly, Defendant/Third-Party Plaintiff, STEPHEN BYRON SMITH's Third Party

Complaint against BRADFORD MARINE, INC. must be dismissed as a matter of law in

accordance with the United States Supreme Court precedent cited herein.

## MEMORANDUM OF LAW

It is clear that the Longshore and Harbor Workers' Compensation Act

(hereinafter referred to as "LHWCA") is consistent with other state Workers'

Compensation schemes in allowing an injured worker to seek full tort damages from

parties other than the worker's employer who tortiously caused his injury.  Under 33

USC §905(b), claimants may sue vessel operators or owners whose negligence caused

their injury.  The 1972 amendments to §905 preclude any "vessel" interest from

obtaining indemnity, directly or indirectly, on account of an injury to an employee, from

3

the employer. See §905(a) and §905(b). It is abundantly clear that longshoreman and harbor worker employers like Third-Party Defendant are immune from contribution even when the alleged unseaworthiness of a vessel was caused, in large measure, by the stevedore. See Halcyon Lines, supra. It appears, though, Third-Party Defendant is traveling under the doctrine in Ryan Stevedore Company v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232 (1956), wherein the United States Supreme Court held that a vessel owner who was liable for damage, could recover on an indemnity theory from the stevedore employer, but in limited circumstances not applicable to this case. Cf. Smith v. United States, 980 F.2d 1379 (11th Cir. 1993) (although recognizing §905(b) prohibits indemnity actions by vessels only, rule does not apply to non-vessel interests).

Congress reacted to Ryan and its results in 1972, however, by amending the LHWCA which, effectively, (1) abolished the vessel's liability for unseaworthiness (substituting a negligence-based theory of recovery) and (2) provided that the stevedore employer would not be liable to the vessel for such damages directly or indirectly and any agreements or warranties of the contrary were to be considered void. See Edmonds, supra; See also Parfait v. Jahncke Service, Inc., 484 F.2d 296, 301 n.4 (5th Cir. 1973). Hence, Third-Party Plaintiff's action is barred.

CONCLUSION

Third-Party Defendant, BRADFORD MARINE, INC., respectfully requests this Honorable Court enter an order dismissing the Third Party Complaint on the grounds that no action lies in favor of Defendant/Third-Party Plaintiff against Third-Party

4

Defendant pursuant to <u>Edmonds v. Compagnie Generale Transatlantique</u>, 443 U.S. 256, 99 S.Ct. 2753 (1979) and <u>Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp.</u>, 342 U.S. 282, 72 S.Ct. 277 (1952).  As an alternative basis for dismissal, Third-Party Defendant submits that Defendant/Third-Party Plaintiff has failed to sufficiently allege its entitlement to relief as set forth in the Third Party Complaint, therefore, same should be dismissed on those grounds as well.

WHEREFORE, Third-Party Defendant, BRADFORD MARINE, INC., requests that this Honorable Court enter an order dismissing the Third Party Complaint, in accordance with the foregoing.

THIS IS TO CERTIFY that a true copy of the above has been mailed to: F. David Famulari, Esq., Underwood, Karcher & Karcher, P.A., Attorneys for Plaintiffs, 9th Floor, Grove Plaza Building, 2900 S.W. 28th Terrace, Miami, Florida 33133; Manuel Valdes, Esq., Law Offices of John W. Burke, P.A., Co-Counsel for Plaintiffs, Suite 330, Ocean Bank Building, 782 N.W. 42nd Avenue, Miami, Florida 33126 and John D. Kallen, Esquire, Badiak, Will & Kallen, 17071 West Dixie Highway, N. Miami Beach, Florida 33160 this 7th day of March, 2000.

> BILLING, COCHRAN, HEATH, LYLES
> & MAURO, P.A.
> Attorneys for Third-Party Defendant
> 888 SE 3rd Ave., Suite 301
> Ft. Lauderdale, FL 33316
> (954)764-7150 (FAX) (954) 764-7279
> sbm @ bchlm-pa.com
>
> By
> Shawn B. McKamey, Esq.
> (Fla. Bar #991384)

5

AO 441 (Rev. 5/85)  Third Party Summons in a Civil Action

# United States District Court

_SOUTHERN_ DISTRICT OF _MIAMI_

PLAINTIFF
_HENRY NARANJO AND_
_MARLENE RAMIREZ_

V. DEFENDANT AND THIRD PARTY PLAINTIFF
_STEPHEN BYRON SMITH_

**THIRD PARTY SUMMONS IN A
CIVIL ACTION**

CASE NUMBER _00-6922-CIV-LENARD_
_2-9-00_                        _2400N_
                                  _376_

V. THIRD PARTY DEFENDANT
_BRADFORD MARINE, INC._

TO: (Name and Address of Third Party Defendant)
SERVE)
_BRADFORD MARINE, INC._
_RICHARD H. HOUGHEN, REGISTERED AGENT_
_3051 STATE ROAD 84_
_FORT LAUDERDALE, FLORIDA_

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this court and serve upon

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| John D. Kallen<br>Badiak, Will & Kallen<br>17071 W. Dixie Highway<br>North Miami Beach, Florida   33160 | |

an answer to the third-party complaint which is herewith served upon you within ___20___ days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, _unless_ (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, _and_ (2) the third-party plaintiff is demanding judgment against _you_ in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.

EXHIBIT _A_ CS

Clarence Maddox

CLERK _Martha Dias_

LOCATION:

DATE _2/4/00_

RX TIME   02/09 '00 15:41

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and                              CASE NO. 00-6022-CIV-LENARD
MARLENE RAMIREZ,

          Plaintiff,

vs.

STEPHEN BYRON SMITH,

          Defendant.
_____

STEPHEN BYRON SMITH,

          Defendant/
          Third-Party Plaintiff,

vs.

BRADFORD MARINE, INC.,

          Third-Party Defendant.
_____/

## THIRD-PARTY COMPLAINT

Defendant/third-party plaintiff STEPHEN BYRON SMITH ("Smith"), by and through

his undersigned counsel, sues third-party defendant BRADFORD MARINE, INC.

("Bradford"), and states and avers the following:

1.    This Court has subject matter jurisdiction over this cause pursuant to 28

:USCA §1333 and/or 28 USCA §1367.

2.      Plaintiffs HENRY NARANJO ("Naranjo") and MARLENE RAMIREZ ("Ramirez") have filed against defendant Smith a complaint, a copy of which is attached hereto as Exhibit "A".

3.      At all times material hereto, Smith was the owner of a 1984 Palmer Johnson yacht.

4.      Bradford is a Florida corporation doing business in Fort Lauderdale, Florida, as a marina and repair facility.

5.      In April of 1997 the vessel was delivered into the possession, custody and control of Bradford for the purpose of repairs and refurbishing.

6.      On or about July 7, 1997, in the course of these repairs, Naranjo was working on board the vessel in his capacity as an employee of and within the course and scope of his employment with Bradford.

7.      On that date, while performing welding work, Naranjo was injured as a result of an explosion on the vessel.

8.      The explosion and resulting injuries suffered by Naranjo were not caused in any way, or in whole or in part, by any actions and/or omission on the part of Smith.

9.      Bradford, as a repair contractor hired by Smith to perform the repairs to the vessel, owed a duty and warranty of workmanlike performance with respect to these repairs.

10.     Bradford breached this duty and warranty of workmanlike performance in the following respects:

2

a)    in failing to properly inspect the vessel prior to the commencement of the work performed in order to insure that it was "gas free" to avoid and preclude any potential explosions such as the one that occurred in this instance;

b)    in failing to obtain appropriate certificates required to perform the welding work;

c)    in failing to properly ventilate the spaces and area on board the vessel prior to the welding work being performed;

d)    in failing to utilize and employ appropriate equipment to test and determine the presence of gas in the area of the vessel prior to the welding work being performed;

e)    in otherwise failing to act prudently, diligently, and carefully to provide a safe working environment prior to the welding activities being carried out, and in failing to perform the repairs in a workmanlike manner.

11.    Bradford's breach of its warranty of workmanlike performance was a direct and proximate of Naranjo's accident and resulting injuries.

12.    Smith is therefore entitled to recover from Bradford all or part of what Naranjo may recover from Smith.

WHEREFORE, Smith demands judgment against Bradford for all sums that may be adjudged against Smith in favor of Naranjo.

3

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been mailed

to: F. David Famulari, Esq., Underwood, Karcher & Karcher, P.A., Attorneys for Plaintiffs,

9th Floor, Grove Plaza Building, 2900 S.W. 28th Terrace, Miami, FL 33133, and Manuel

Valdes, Esq., Law Offices of John W. Burke, P.A., Co-counsel for Plaintiffs, Suite 330,

Ocean Bank Building, 782 N.W. 42nd Avenue, Miami, FL 33126, this _28_ day of January,

2000.


                                    BADIAK, WILL & KALLEN
                                    Attorneys for Defendant
                                    17071 West Dixie Highway
                                    No. Miami Beach, Florida 33160
                                    Tel: 305-945-1851
                                    Fax: 305-944-8780

By:

                                    John D. Kallen
                                    Florida Bar No. 277428

C:\WP\00\108\COMP.3DPTY.wpd

4

NO. 161    P07

# EXHIBIT "A"

02/09/00    15:43

PDF:cf
1399-181
FileComplaint
1/7/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and
MARLENE RAMIREZ,

     Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

     Defendant(s).

CASE NO. **00-6022**

**CIV-LENARD**

## COMPLAINT

COMES NOW the Plaintiffs, HENRY NARANJO and MARLENE RAMIREZ, by and through their undersigned counsel, and pursuant to 33 U.S.C. §905(b) and the General Maritime Law of the United States, file this Complaint against STEPHEN BYRON SMITH, as state as follows:

1.    This action arises under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §905(b), as hereinafter more fully appears.

2.    At all times material hereto, HENRY NARANJO is a resident of Broward County, Florida.

3.    At all times material hereto, MARLENE RAMIREZ was lawfully married to HENRY NARANJO, and is a resident of Broward County, Florida.

4.    At all times material hereto, STEPHEN BYRON SMITH, was the owner of the 79-foot aluminum yacht "Souvenir," Official Number 674644.

## COUNT I

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 10 above, as though fully set forth herein, and further allege:

11.    On or about July 7, 1997, HENRY NARANJO was instructed by STEPHEN BYRON SMITH's agent, Captain John K. Bredbeck, to commence repairs, alterations, and/or maintenance in the lazarette of the yacht "Souvenir."

12.    HENRY NARANJO proceeded to accomplish this task in a safe and workmanlike manner and exercised reasonable care for his safety, the safety of others, and the safety of the yacht "Souvenir."

13.    STEPHEN BYRON SMITH and/or his agents failed to turn over the yacht "Souvenir" in a reasonably safe condition and STEPHEN BYRON SMITH and/or his agents knew or should have known there was a dangerous condition aboard the yacht "Souvenir."

14.    STEPHEN BYRON SMITH and/or his agents, specifically, Captain John K. Bredbeck, by act and/or omission were negligent in the following manner:

A.    By failing to warn HENRY NARANJO of a latent or concealed peril about the yacht "Souvenir."

B.    By failing to exercise reasonable care under the circumstances.

C.    By failing to turn over the yacht in a reasonably safe condition.

D.    By failing to discover a dangerous condition aboard the vessel.

E.    By failing to operate and/or maintain the vessel in a safe manner.

15.    All of the here and above alleged constitute negligence and carelessness by the Defendant, and was a breach of the duties owed by the Defendant to the Plaintiff.

3

5. At all times material hereto, STEPHEN BYRON SMITH and/or his agents were operating the yacht "Souvenir" in the navigable waters of the United States, specifically, Broward County, Florida.

6. At all times material hereto, STEPHEN BYRON SMITH operated, navigated, and maintained a yacht in or about Broward County, Florida, either in person or through others, and otherwise:

A. Committed a tortuous act within the State of Florida;

B. Was engaged in systematic, substantial, continuous, and not isolated activity within the State of Florida; and

C. Made a claim for and collected insurance proceeds for a loss to his yacht "Souvenir," in Broward County, Florida.

7. On or about July 7, 1997, STEPHEN BYRON SMITH had the yacht "Souvenir" at Bradford Marine in Broward County, Florida, for repairs, alterations, and/or maintenance.

8. At all times material hereto, the vessel was upon navigable waters of the United States.

9. HENRY NARANJO was employed by Bradford Marine as a welder, and was assigned to carry out the repairs, alterations, and/or maintenance to the yacht "Souvenir" at the direction and control of STEPHEN BYRON SMITH and/or his agents.

10. At all times material hereto, HENRY NARANJO occupied the status of a harbor worker or ship repairer aboard the yacht "Souvenir" in Broward County, Florida.

2

WHEREFORE, Plaintiff MARLENE RAMIREZ demands judgment against the Defendant STEPHEN BYRON SMITH, a trial by jury, court costs, and such other relief this court deems just.

DATED, this ___6___ of January, 2000.

LAW OFFICES OF JOHN W. BURKE, P.A.
Manuel Valdes, Esquire
Co-Counsel for Plaintiff
Suite 330, Ocean Bank Building
782 N.W. 42nd Avenue
Miami, FL 33126
Tel: 305/858-6000
Fax: 305/445-0404

BY: _____
MANUEL VALDES, ESQUIRE
Fla. Bar No. 13307

and

F. DAVID FAMULARI, ESQUIRE
FLA. BAR NO. 0860506
UNDERWOOD, KARCHER & KARCHER, P.A.
Attorneys for Plaintiff
6th Floor, Grove Plaza Building
2900 S. W. 28th Terrace
Miami, Florida 33133
Tel: (305) 446-2300  Fax: (305) 446-5858

BY: _____
F. DAVID FAMULARI, ESQUIRE
FLA. BAR NO. 0860506