UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CIV-LENARD/TURNOFF

HENRY NARANJO and MARLENE
RAMIREZ,

    Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

    Defendant(s).
_____/



FILED by _____ D.C.

APR 11 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIA

ORDER ADOPTING JOINT SCHEDULING REPORT,
ORDER SETTING PRETRIAL CONFERENCE AND TRIAL,
ESTABLISHING PRETRIAL AND TRIAL PROCEDURES
AND ESTABLISHING PRETRIAL DEADLINES

Based upon the parties' Joint Scheduling Report, dates for Pretrial Conference, Calendar Call, and Trial of this cause are set as follows:

### Pretrial Conference and Trial

**1. Trial** is set for the two-week calendar commencing **Monday, November 12, 2001** at **8:45 a.m.** Unless otherwise notified by the Court, the trial day begins at 8:45 a.m. and ends at 1:45 p.m, Monday through Friday. Counsel for all parties shall appear at a **Calendar Call** on **Thursday, November 8, 2001 at 2:30 p.m.** Upon calendar call, all cases will remain on the trial calendar until tried or until counsel receives further notice from the Court.

**2.** The **Pretrial Conference** is set pursuant to Federal Rules of Civil Procedure 16 for **October 25, 2001**, at **2:30 p.m.** Unless instructed otherwise by subsequent order, the Pretrial Conference, the Trial and all other proceedings shall be conducted at 301 North Miami Avenue,

Case No. 00-6022-CIV-LENARD/TURNOFF

7th Floor, Miami, Florida 33128. Pursuant to Southern District of Florida Local Rule 16.1(C), each party shall be represented at the Pretrial Conference and at the meeting required by Local Rule 16.1(K) by the attorney who will conduct the trial, except for good cause shown.

## Pretrial Deadlines

The pretrial deadlines are as follows:

| By: | May 15, 2000 | Joinder of parties and amendment of pleadings |
|---|---|---|
| By: | December 1, 2000 | All <u>fact</u> discovery must be completed. The parties are under a continuing obligation to supplement discovery responses within <u>ten (10) days</u> of receipt or other notice of new or revised information. |
| By: | September 1, 2000 | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.(K), and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| By: | October 15, 2000 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.(K), and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| By: | December 1, 2000 | All <u>expert</u> discovery must be completed. |
| By: | December 15, 2000 | All dispositive pretrial motions and memoranda of law must be filed, as well as any motions to exclude or limit proposed expert testimony. |
| By: | October 11, 2001 | Mediation shall be completed. |
| By: | October 11, 2001 | **Pretrial Stipulation and *Motions in Limine*.** The joint pretrial stipulation shall be filed pursuant to Local Rule 16.1(K). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |

-2-

Case No. 00-6022-CIV-LENARD/TURNOFF

### Pretrial Stipulation

All counsel shall comply with Local Rule 16.1(D) regarding the preparation of the Joint Pretrial Statement. **Not later than 15 days prior to the due date of the joint pretrial stipulation**, lead counsel shall meet at a mutually convenient location and accomplish the matters set forth in Local Rule 16.1(D) 1 through 6, and prepare a **joint** pretrial stipulation in compliance with Local Rule 16.1(E).

**The Court will not accept unilateral pretrial stipulations, and will strike sua sponte, any such submissions. Should any of the parties fail to cooperate in the preparation of the joint stipulation, all other parties shall file a certification with the court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt, or sanctions be imposed, for failure to comply with the court's order.**

**Counsel are expected to do everything reasonably possible to prepare the joint pretrial statement in good faith with the goal in mind to shorten the amount of time required to try the case. To this end, counsel shall eliminate all unnecessary witnesses, stipulate to all uncontested facts, and reduce the number of exhibits to a minimum.**

The joint pretrial stipulation **also shall include** the following information:

(i) Counsel shall prepare a joint statement of the case which the court will read to the jury in introducing the case to the jury panel during voir dire examination.

Case No. 00-6022-CIV-LENARD/TURNOFF

(ii) The preparation of the joint statement of stipulated facts is not regarded as a *pro forma* requirement. Counsel shall carefully prepare the joint statement after reviewing all admissions contained in the pleadings and in discovery. The purpose of the statement is to eliminate unnecessary testimony from witnesses on undisputed matters of fact. The statement shall be introduced into evidence as a court exhibit and shall be read to the jury. When necessary, counsel may be permitted to elicit admitted facts by testimony or to lay a predicate for further testimony.

(iii) Counsel shall prepare his or her witness list by disclosing those witnesses whom counsel believes in good faith he or she intends to call in their case. To the extent counsel wishes to list other witnesses who *may* be called in response to the other parties' evidence and testimony, these witnesses shall be identified in a separate witness list designated as "List of Other Possible Witnesses." Counsel shall specify which witnesses he or she intends to call "live" and which witnesses will be presented through the reading of depositions. As to the latter, counsel shall estimate the amount of time required to read the deposition testimony.

(iv) Counsel shall prepare his or her exhibit list by identifying those exhibits which counsel believes in good faith that he or she intends to introduce in their case, excluding impeachment exhibits. The exhibit list shall contain the following columns:

1. plaintiff's or defendant's exhibit number;
2. a description of the exhibit;
3. date;
4. the identifying witness;

      5. admit column;

      6. deny column;

      7. additional witness referring to exhibit.

To the extent counsel wishes to list other exhibits he or she *may* introduce in response to the opposing parties' evidence and testimony, such exhibits shall be identified in a separate exhibit list designated as "List of Other Possible Exhibits."

As to those exhibits on the opposing counsel's primary list, counsel shall note the basis for all objections in accordance with Local Rule 16.1(E)(9).

The failure of a party to object to the exhibits listed in the Joint Pretrial Stipulation shall constitute a waiver of any objections including but not limited to authenticity.

    (v) Counsel shall discuss and set forth in the joint pretrial statement their estimate as to the amount of trial time necessary to complete their respective cases.

Each counsel shall estimate carefully the time for direct examination of their respective witnesses and also provide an estimate of the amount of time needed for cross-examination and re-direct examination.

    (vi) The joint pretrial stipulation shall include the names, addresses, resumes, and brief summaries of the opinions of all expert witnesses expected to be called at trial.

    (vii) All motions *in limine* shall be filed with the Joint Pretrial Stipulation, including motions to strike expert testimony under the authority of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Any *Daubert/Kumho* motion shall be accompanied by appropriate affidavits.

Case No. 00-6022-CIV-LENARD/TURNOFF

### Jury Instructions and Proposed Verdict Forms

At the pretrial conference, counsel shall submit to the Court all proposed jury instructions and forms of verdict.

Jury instructions that have been agreed to by all parties shall be designated as such and jointly submitted. All other proposed instructions submitted by counsel shall contain citation to authorities and photocopies of all case law cited. Counsel shall provide the Court with a WordPerfect-compatible 3.5 diskette for the stipulated jury instructions and proposed instructions and verdict forms.

### Exhibit Notebooks for Jury Trial

Counsel shall meet and prepare an Exhibit Notebook, (three ring loose-leaf binder) consisting of three (3) divisions. The first division shall contain the parties' joint exhibits; the second division shall contain plaintiff's exhibits; and the third division shall contain defendant's exhibits. Those exhibits which are joint shall not be repeated in the second or third divisions of the notebook. <u>Each division shall be clearly and adequately designated (tabbed) and each exhibit appropriately labeled</u>. The first page after each tab shall be a face page identifying the exhibit by number and type (i.e., Joint, Plaintiff's or Defendant's). The Exhibit Notebook shall also include an exhibit index. The parties shall include in the Notebook only those exhibits that are considered absolutely necessary. The failure to include any particular exhibit in the Notebook, however, shall not preclude admission of any exhibit that was properly listed on the party's pretrial exhibit list.

Case No. 00-6022-CIV-LENARD/TURNOFF

Counsel shall each have a copy of the Exhibit Notebook and shall provide a copy to the Court at the Pretrial Conference. To the extent possible, the Court will rule on all objections at that time.

Following the Pretrial Conference, counsel shall revise the Exhibit Notebook (including the Court's and each counsel's copy) in accordance with the Court's rulings at the Pretrial Conference. Counsel shall then prepare sufficient copies of their respective exhibits as well as the joint exhibits (complete with three holes) for inclusion in an Exhibit Notebook for distribution to each juror. In addition, all exhibits shall be prepared to be included in an Exhibit Notebook to be kept at the witness box during trial for use by the witnesses, as needed. As to those exhibits upon which the court reserves ruling until presentation at trial, counsel shall have sufficient copies of each exhibit (complete with three holes) to provide for the jurors to add to their Notebooks in the event the exhibit is admitted into evidence.

### Proposed Findings of Fact and Conclusion of Law

In cases tried before the Court, each party shall file proposed findings of fact and conclusions of law on or before the first day of trial along with a WordPerfect-compatible 3.5 diskette.

### Miscellaneous Matters

All written motions shall be submitted in **12 point or larger type; the text must be double-spaced** (except for quotations, headings and footnotes) and accompanied by **stamped, addressed envelopes** as required by Local Rule 7.1(A)(4).

Case No. 00-6022-CIV-LENARD/TURNOFF

It is further ordered that, pursuant to Local Rule 7.A.2, any party filing a written **simple** motion shall submit one original **proposed order** granting the motion. **The proposed order shall also contain a service list**.

It is further ordered that, pursuant to Local Rules 5.1(D) and 7.7, counsel shall **not** deliver extra courtesy copies to the Judge's office, nor address the Court in the form of a letter or the like, any application requesting relief in any form, citing authorities, or presenting arguments.

A motion for continuance shall not stay the requirement for filing a joint pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least 20 days prior to the scheduled trial date.

### Settlement

If a case is settled, counsel are directed to inform the Court promptly by calling Chambers and to submit an appropriate Order For Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). This Order must be filed within ten (10) days after notification to the Court.

### Non-Compliance with Order and Rules of Court

To the extent this Order conflicts with the Local Rules, this Order supercedes them. The parties and all counsel are reminded of their ongoing duties to comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida. All counsel are responsible for complying with the timetable set forth above. This "schedule shall not be modified except upon a showing of good cause and by leave of the [Court]." Fed. R.Civ. P. 16.(B).

Case No. 00-6022-CIV-LENARD/TURNOFF

**DONE AND ORDERED** in Chambers at Miami, Florida this __11__ day of April, 2000.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Magistrate Judge William C. Turnoff

F. David Underwood, Esq.
Underwood, Karcher & Karcher, P.A.
9th Floor, Grove plaza Building
2900 SW 28th Terrace
Miami, FL 33133

Manuel Valdes, Esq.
Law Offices of John W. Burke, P.A.
Suite 330, Ocean Bank Building
782 NW 42nd Avenue
Miami, LF 33126

John D. Kallen, Esq.
Badiak, Will & Kallen
17071 West Dixie Highway
North Miami Beach, FL

Shawn B. McKamey, Esq.
Billing, Cochran, Heath, et al.
888 SE 3rd Avenue, Suite 301
Ft. Lauderdale, FL 33316