FDF:cf
1399-181
pld\M-Amend Comp
5/24/00



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and
MARLENE RAMIREZ,

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

       Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

       Defendant(s).
_____/

### PLAINTIFFS' MOTION TO AMEND COMPLAINT

COME NOW the Plaintiffs, HENRY NARANJO and MARLENE RAMIREZ, by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 15(a) and Local Rule 15.1, file this Motion to Amend their Complaint to add additional parties, JOHNSON EXPORT SALES, INC. and PALMER JOHNSON DISTRIBUTORS, INC., and state as follows:

1. On January 7, 2000, Plaintiffs filed a Complaint against STEPHEN BYRON SMITH, and a responsive pleading was timely filed by the Defendant.

2. During the discovery process, evidence has come forth showing that additional parties had contributed to the circumstances that lead to the Plaintiff's injuries and resulting damages.

3. The claims made against the additional defendants are based upon a maritime tort and are within the subject matter jurisdiction of this court.

Case No. 00-6022-CIV-LENARD

4. This request to amend the Complaint is done in good faith and will not cause any undue delay, and will not unduly prejudice the present Defendant, STEPHEN BYRON SMITH.

5. Counsel for the Plaintiffs have conferred with counsel for Defendant STEPHEN BYRON SMITH, and there is no objection to the filing of this motion.

WHEREFORE, Plaintiffs HENRY NARANJO and MARLENE RAMIREZ respectfully request this Court to grant their Motion to Amend their Complaint in the form as attached hereto.

## MEMORANDUM OF LAW

The decision to grant or deny a motion to amend pleadings is entitled to the sound discretion of the district court. Avatar Exploration, Inc. v. Chevron, 933 F.2d 314 (5th Cir. 1991); Norman v. Apache Corp., 19 F.3d 1017 (5th Cir. 1994). Leave to amend shall be freely given when justice requires. Barrett v. Independent Order of Foresters, 625 F.2d 73 (5th Cir. 1980). District courts generally grant requests to amend liberally and deny them only where there has been undue delay, bad faith, or where it would be prejudicial to the non-moving party. Phoenix Technologies v. TRW, Inc., 154 FRD 122 (EDPA 1994); *aff'd* 43 F3d 1462 (3Cir. 1994).

In the present case, Plaintiffs are seeking to amend the Complaint based upon claims against the designers and builders of the yacht "Souvenir," such claims sounding in strict liability, failure to warn, and negligent design and manufacture, all counts cognizable in the General Maritime Law of the United States and within the subject matter jurisdiction of this court.

WHEREFORE, Plaintiffs respectfully request this Court to grant its motion to amend their Complaint in the form attached hereto.

Case No. 00-6022-CIV-LENARD

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was mailed this 24 day of May, 2000, to:

John D. Kallen, Esquire
Badiak, Will & Kallen
Attorneys for Stephen Byron Smith
17071 West Dixie Highway
North Miami Bch, FL 33160
Tel: 305/945-1851
Fax: 305/944-8780

       Respectfully submitted,

       LAW OFFICES OF JOHN W. BURKE, P.A.
       **Manuel Valdes, Esquire** - Fla. Bar No.13307
       Co-Counsel for Plaintiff
       Suite 330, Ocean Bank Building
       782 N.W. 42nd Avenue
       Miami, FL 33126
       Tel: 305/858-6000   Fax: 305/445-0404

and

       UNDERWOOD, KARCHER & KARCHER, P.A.
       **F. David Famulari, Esquire**
       Co-Counsel for Plaintiff
       6th Floor, Grove Plaza Building
       2900 S. W. 28th Terrace
       Miami, Florida 33133
       Tel: 305/446-2300  Fax: 305/ 446-5858

      BY: _/s/ F. David Famulari_
       F. DAVID FAMULARI, ESQUIRE
       FLA. BAR NO. 0860506