FDF:cf
1399-181
pld\M-Relief
6-2-00



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and
MARLENE RAMIREZ,

        Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

        Defendant(s).
_____/

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

## MOTION FOR RELIEF FROM JUDGMENT

COME NOW the Plaintiffs, HENRY NARANJO and MARLENE RAMIREZ, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 60(b), file this motion for relief from Judgment and state as follows:

1. On May 24, 2000, the Court entered an Order of Dismissal based upon the Plaintiffs' failure to comply with the Court's Referral to Mediation.

2. The undersigned attorney was responsible for scheduling the mediation and timely filing the Notice of Scheduling Mediation.

3. The mediation had been scheduled, but due to an oversight, the Notice of Scheduling Mediation was not timely filed. A copy of the Notice of Scheduling Mediation mailed on May 24, 2000, and stamped by the Clerk on May 26, 2000, is attached hereto as Exhibit A.

Case No. 00-6022-CIV-LENARD

4. This case has been moving forward in an expeditious manner in all respects and significant discovery has been carried out by all parties. Expert witnesses have been retained and have reviewed the facts underlying this claim, and the Plaintiffs have filed a motion to bring in a second defendant.

5. This case involves a significant personal injury to the Plaintiff stemming from an explosion onboard a yacht and therefore it is governed by maritime law. The statute of limitations for a maritime personal injury is three years and will expire on July 7, 2000.

6. The undersigned attorney respectfully request this Honorable Court to rule on this Motion for Relief from Judgment prior to the expiration of the July 7, 2000 statute of limitations.

## MEMORANDUM OF LAW

Rule 60(b)(1) provides for a party to seek relief from judgment or order for a mistake, inadvertence, surprise, or excusable neglect. The parties had agreed on a mediator but the undersigned had inadvertently failed to calendar the date for the filing of the Order of Mediation. The case is being moved forward and the parties have agreed to take the necessary out-of-state depositions in August, 2000, and the local depositions shortly thereafter. Mediation is scheduled for March 12, 2001, and the case is set on the court's trial docket for October 25, 2001.

An order to grant relief from a judgment or order on a Rule 60(b)(1) motion is committed to the sound discretion of the District Court. Sacco vs. Matter, 154 FRD 35 (ND NY 1994). Motions under sub-section b(1) should be liberally construed and any doubt resolved in favor of an application to set aside a judgment or order so that the case may be tried on its merits. Laguna

2

Case No. 00-6022-CIV-LENARD

Royalty Company v. Marsh, 350 F.2d 817 (5th Cir. 1965).

WHEREFORE, the Plaintiffs respectfully request the Court for relief from the Order of Dismissal dated May 24, 2000 and direct the Court to re-open the case.

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was mailed this 2nd day of June, 2000, to:

John D. Kallen, Esquire
Badiak, Will & Kallen
Attorneys for Stephen Byron Smith
17071 West Dixie Highway
North Miami Bch, FL 33160
Tel: 305/945-1851    Fax: 305/944-8780

Respectfully submitted,

LAW OFFICES OF JOHN W. BURKE, P.A.
**Manuel Valdes, Esquire** --Fla. Bar No.13307
Co-Counsel for Plaintiff
Suite 330, Ocean Bank Building
782 N.W. 42nd Avenue
Miami, FL 33126
Tel: 305/858-6000   Fax: 305/445-0404

and

UNDERWOOD, KARCHER & KARCHER, P.A.
**F. David Famulari, Esquire**
Co-Counsel for Plaintiff
6th Floor, Grove Plaza Building
2900 S. W. 28th Terrace
Miami, Florida 33133
Tel: 305/446-2300  Fax: 305/ 446-5858

BY: _____
F. DAVID FAMULARI, ESQUIRE
FLA. BAR NO. 0860506

FDF:cf
1399-181

5-25-00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and
MARLENE RAMIREZ,

        Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

        Defendant(s).
_____/

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

### NOTICE OF SCHEDULING MEDIATION

COME NOW the Plaintiffs, HENRY NARANJO and MARLENE RAMIREZ, by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 16(C)(9) and Southern District Local Rule 16.2, file the attached Mediation Order and states as follows:

1.     The parties have agreed to use Thomas Bachmyer and have scheduled a mediation conference for March 12, 2001 at Miami, Florida.

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was mailed this ____ day of May, 2000, to:



Case No. 00-6022-CIV-LENARD

John D. Kallen, Esquire
Badiak, Will & Kallen
Attorneys for Stephen Byron Smith
17071 West Dixie Highway
North Miami Bch, FL 33160
Tel: 305/945-1851
Fax: 305/944-8780

                Respectfully submitted,

                LAW OFFICES OF JOHN W. BURKE, P.A.
                **Manuel Valdes, Esquire**
                Fla. Bar No. 13307
                Co-Counsel for Plaintiff
                Suite 330, Ocean Bank Building
                782 N.W. 42nd Avenue
                Miami, FL 33126
                Tel: 305/858-6000   Fax: 305/445-0404

and

                UNDERWOOD, KARCHER & KARCHER, P.A.
                **F. David Famulari, Esquire**
                Co-Counsel for Plaintiff
                6th Floor, Grove Plaza Building
                2900 S.W. 28th Terrace
                Miami, Florida 33133
                Tel: 305/446-2300  Fax: 305/ 446-5858

BY: _____
       F. DAVID FAMULARI, ESQUIRE
       FLA. BAR NO. 0860506

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CIV-LENARD/TURNOFF

HENRY NARANJO and MARLENE RAMIREZ,

    Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

    Defendant(s).
_____/

## ORDER SCHEDULING MEDIATION

The mediation conference in this matter shall be held with THOMAS BACKMEYER, of Florida Mediation Group on March 12, 2001 at 10:30a .m., at Miami, Florida.

Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

DONE AND ORDERED at Miami, Florida, this ___ day of May, 2000.

                                            JOAN A. LENARD
                                            UNITED STATES DISTRICT JUDGE