

FDF:cf
1399-181
Pld\Amend Comp
5/24/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and
MARLENE RAMIREZ,

      Plaintiff(s),

vs.

STEPHEN BYRON SMITH, PALMER
JOHNSON EXPORT SALES, INC.,
PALMER JOHNSON DISTRIBUTORS
Inc., and PALMER JOHNSON, INC.,

      Defendant(s).
_____/

CASE NO.: CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

## AMENDED COMPLAINT

COME NOW the Plaintiffs, HENRY NARANJO and MARLENE RAMIREZ, by and through their undersigned counsel, and pursuant to 33 U.S.C. §905(b) and the General Maritime Law of the United States and other laws of the United States, and sue the Defendants STEPHEN BYRON SMITH, PALMER JOHNSON EXPORT SALES, INC., PALMER JOHNSON DISTRIBUTORS, INC., and PALMER JOHNSON, INC. (hereinafter collectively "PALMER JOHNSON"), and state as follows:

1. This action arises under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §905(b), and the General Maritime Law of the United States and other laws of the United States as hereinafter more fully appears.

2. At all times material hereto, HENRY NARANJO is a resident of Broward County, Florida.

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

3. At all times material hereto, MARLENE RAMIREZ was lawfully married to HENRY NARANJO, and is a resident of Broward County, Florida.

4. At all times material hereto, STEPHEN BYRON SMITH, was the owner of the aluminum motor yacht "Souvenir," Official Number 674644.

5. At all times material hereto, STEPHEN BYRON SMITH and/or his agents were operating the yacht "Souvenir" in the navigable waters of the United States, specifically, in Broward County, Florida.

6. At all times material hereto, STEPHEN BYRON SMITH and/or his agents operated, navigated, and maintained a yacht in or about Broward County, Florida, and either in person or through others, committed the following acts and/or omissions in Florida:

   a.. Committed a tortuous act within the State of Florida;

   b. Was engaged in systematic, substantial, continuous, purposeful and intentional, and not isolated activity within the State of Florida; and

   c. Made a claim for and collected insurance proceeds for a loss to his yacht "Souvenir," for an explosion that occurred in Broward County, Florida.

7. On or about July 7, 1997, STEPHEN BYRON SMITH had the yacht "Souvenir" at Bradford Marine in Broward County, Florida, for repairs, alterations, modifications, and/or maintenance.

8. At all times material hereto, the vessel was upon navigable waters of the United States.

9. Defendant PALMER JOHNSON EXPORT SALES, INC., is now and at all times material was a corporation existing under the laws of the State of Wisconsin, with its

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

principal place of business in Sturgeon Bay, Wisconsin, and was engaged in the manufacture of yachts, and did specifically build, construct and manufacture the yacht "Souvenir," Official Number 674644.

10. Defendant PALMER JOHNSON DISTRIBUTORS LLC, is now and at all times material was a corporation existing under the laws of the State of Wisconsin, with its principal place of business in Sturgeon Bay, Wisconsin, and was engaged in the manufacture of yachts, and did specifically build, construct and manufacture the yacht "Souvenir," Official Number 674644.

11. Defendant PALMER JOHNSON, INC., is now and at all times material was a corporation existing under the laws of the State of Wisconsin, with its principal place of business in Sturgeon Bay, Wisconsin, and was engaged in the manufacture of yachts, and did specifically build, construct and manufacture the yacht "Souvenir," Official Number 674644.

12. At all material times, PALMER JOHNSON designed, built, constructed, manufactured, distributed, sold and advertised yachts, including yachts such as the "Souvenir," within the State of Florida.

13. At all times material hereto, PALMER JOHNSON either corporately or through others:

   A. committed a tortuous act within this State;

   B. caused injury to persons or property within this State arising out of an act or omission by PALMER JOHNSON outside this State while PALMER

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

JOHNSON was engaged in the solicitation or service activities within the State of Florida and;

C. that the Defendant had sufficient contacts with the State of Florida and purposefully availed itself of the Florida market by selling, servicing, marketing, soliciting, advertising, delivering, and distributing motor yachts within the State of Florida;

D. had systematic, substantial, continuous, purposeful, intentional and not isolated activity within the State of Florida;

E. appointed agents, either expressly or impliedly, within the State of Florida.

14. Defendant PALMER JOHNSON was engaged in solicitation or service activities within the State of Florida and products, materials, or things processed, serviced, or manufactured by PALMER JOHNSON in Wisconsin were used or consumed within the State of Florida in the ordinary course of commerce, trade, or use.

15. HENRY NARANJO was employed by Bradford Marine as a welder, and was assigned to carry out the repairs, alterations, and/or maintenance to the yacht "Souvenir" at the direction and control of STEPHEN BYRON SMITH and/or his agents.

16. At all times material hereto, HENRY NARANJO occupied the status of a harbor worker or ship repairer aboard the yacht "Souvenir" in Broward County, Florida.

## COUNT I

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 16 above, as though fully set forth herein, and further allege:

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

17. On or about July 7, 1997, HENRY NARANJO was instructed by STEPHEN BYRON SMITH's agent, Captain John K. Bredbeck, to commence repairs, alterations, and/or maintenance in the lazarette of the yacht "Souvenir."

18. HENRY NARANJO proceeded to accomplish this task in a safe and workmanlike manner and exercised reasonable care for his safety, the safety of others, and the safety of the yacht "Souvenir."

19. STEPHEN BYRON SMITH and/or his agents failed to turn over the yacht "Souvenir" in a reasonably safe condition and STEPHEN BYRON SMITH and/or his agents knew or should have known there was a dangerous condition aboard the yacht "Souvenir."

20. STEPHEN BYRON SMITH and/or his agents, specifically, Captain John K. Bredbeck, by act and/or omission were negligent in the following manner:

   A. By failing to warn HENRY NARANJO of a latent or concealed peril about the yacht "Souvenir," which was known or should have been known to the Defendant or his agents.

   B. By failing to exercise reasonable care under the circumstances.

   C. By failing to turn over the yacht in a reasonably safe condition.

   D. By failing to discover a dangerous condition aboard the vessel.

   E. By failing to operate and/or maintain the vessel in a safe manner.

21. All of the here and above alleged constitute negligence and carelessness by the Defendant SMITH, and was a breach of the duties owed by the Defendant SMITH to the Plaintiff.

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

22. As a direct and proximate result, HENRY NARANJO suffered permanent injury in and to his body, and has suffered in the past and will continue to suffer in the future the following damages:

a. Loss of earnings capacity;

b. Pain and suffering;

c. Disability;

d. Disfigurement;

e. Mental anguish;

f. Loss of capacity for the enjoyment of life;

g. Loss of earnings;

h. Medical expenses.

WHEREFORE, Plaintiff HENRY NARANJO demands judgment against the Defendant STEPHEN BYRON SMITH, and a trial by jury, court costs, and such other relief this Court deems just and proper.

## COUNT II

## STRICT LIABILITY AGAINST PALMER JOHNSON

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 16 above, as though fully set forth herein, and further allege:

23. Defendant PALMER JOHNSON was at all times material hereto engaged in the business of constructing, building, manufacturing, distributing, and selling motor yachts or the components of motor yachts such as the yacht "Souvenir."

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

24. At all material times, the yacht "Souvenir" or its component(s) was being used and/or worked on and was being repaired in a way that was intended or foreseeable.

25. At all material times, the yacht "Souvenir" or its component(s) was built and/or manufactured and/or constructed in a defective condition that made it unreasonably dangerous to foreseeable users, i.e., the aft compartment of the vessel was designed and/or built and/or manufactured in such a way that a void space between the deck of the aft compartment and the hull was filled or caused to be filled or developed over time with an explosive gas or substance and was not properly vented, and could not be vented at all as built, constructed and manufactured.

26. That the Defendant PALMER JOHNSON knew or should have known of the defective conditions of the yacht or its components.

27. The defective condition of the yacht or its component and as described herein above was attributable to the actions and/or omissions of Defendant PALMER JOHNSON, and was a breach of the duties that Defendant PALMER JOHNSON owed to Plaintiff HENRY NARANJO.

28. The defective condition was the proximate cause of the injuries suffered by the Plaintiff, HENRY NARANJO.

29. That as a direct and proximate result of Defendant PALMER JOHNSON's acts and/or omissions, HENRY NARANJO suffered permanent injury in and to his body, and has suffered in the past and will continue to suffer in the future the following damages:

   a. Loss of earning capacity;

7

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

    b. Pain and suffering;

    c. Disability;

    d. Disfigurement;

    e. Mental anguish;

    f. Loss of capacity for the enjoyment of life;

    g. Loss of earnings;

    h. Medical expenses.

30. Defendant PALMER JOHNSON, is strictly liable to the Plaintiff HENRY NARANJO for all of the acts and/or omissions stated herein.

WHEREFORE, Plaintiff HENRY NARANJO demands judgment against the Defendant Palmer Johnson, a trial by jury, court costs, and such other relief this Court deems just and proper.

## COUNT III

### FAILURE TO WARN

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 16 above, as though fully set forth herein, and further allege:

31. Defendant Palmer Johnson new or should have known that the design and manufacturer of the aft compartment of the yacht "Souvenir" created a dangerous and/or hazardous condition and should have provided an adequate warning to foreseeable users and/or repairers of the motor yacht.

32. The risk of harm to users and/or repairers to the yacht was or should have been reasonably foreseeable by the Defendant, PALMER JOHNSON when the yacht

8

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

"Souvenir' was designed, built, constructed, manufactured, and when changes were made during the manufacturing process.

33. Defendant PALMER JOHNSON knew or should have known that repairs or alterations to the aft compartment of the yacht were likely to occur, specifically that welding and/or other hot work would take place on or about the vessel, including the area where the explosion occurred.

34. Defendant PALMER JOHNSON failed to provide any warning whatsoever of the hazardous and/or dangerous condition that existed in the aft compartment of the yacht, and as as a direct and proximate result of their failure to warn, an explosion occurred, severely injuring the Plaintiff, HENRY NARANJO.

35. That all of the herein alleged constituted negligence and carelessness, and was a breach of the duties that Defendant PALMER JOHNSON owed to Plaintiff HENRY NARANJO.

36. That as a direct and proximate result of Defendant PALMER JOHNSON's failure to warn, Plaintiff HENRY NARANJO suffered permanent injury in and to his body, and has suffered in the past and will continue suffer in the future the following damages:

a. Loss of earning capacity;

b. Pain and suffering;

c. Disability;

d. Disfigurement;

e. Mental anguish;

f. Loss of capacity for the enjoyment of life;

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

    g. Loss of earnings;

    h. Medical expenses.

WHEREFORE, Plaintiff HENRY NARANJO demands judgment against Defendant PALMER JOHNSON, a trial by jury, court costs, and other such relief this Court deems just and proper.

## COUNT IV

### NEGLIGENT DESIGN AND MANUFACTURE BY DEFENDANT PALMER JOHNSON

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 16 above, as though fully set forth herein, and further allege:

37. That when Defendant PALMER JOHNSON manufactured the yacht "Souvenir" it knew or should have known that the design of the aft compartment of the yacht "Souvenir" created a dangerous and/or hazardous condition.

38. Defendant PALMER JOHNSON knew or should have known that alternative designs existed that would have eliminated and/or considerably reduced the dangerous and/or hazardous conditions created by the building, constructing, and manufacturing of the aft compartment of the yacht "Souvenir."

39. Defendant PALMER JOHNSON was negligent and/or careless in manufacturing the defective design of the aft compartment of the yacht "Souvenir," and said negligence was a breach of the duties that it owed to the Plaintiff, HENRY NARANJO.

40. As a direct and proximate result of PALMER JOHNSON'S negligence and/or carelessness as stated herein, Plaintiff HENRY NARANJO suffered severe and

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

permanent injuries in and to his body, and has suffered in the past and will continue to suffer in the future the following damages:

a. Loss of earning capacity;

b. Pain and suffering;

c. Disability;

d. Disfigurement;

e. Mental anguish;

f. Loss of capacity for the enjoyment of life;

g. Loss of earnings;

h. Medical expenses.

## COUNT V

### LOSS OF CONSORTIUM AGAINST DEFENDANTS STEPHEN BYRON SMITH, PALMER JOHNSON EXPORT SALES, INC. PALMER JOHNSON DISTRIBUTORS, INC. AND PALMER JOHNSON, INC.

Plaintiffs re-allege and re-adopt all the common allegations and paragraphs 1 through 16 above and Count I, as though fully set forth herein, and further allege:

41. As a direct and proximate result of her husband's injuries, MARLENE RAMIREZ has sustained the following damages, both in the past and in the future:

a. Loss of consortium;

b. Loss of affection;

c. Loss of attention;

d. Loss of society;

CASE NO.: CASE NO.: 00-6022-CIV-LENARD

      e.      Loss of comfort;

      f.      Medical expenses.

WHEREFORE, Plaintiff MARLENE RAMIREZ demands judgment against the all Defendants, a trial by jury, court costs, and such other relief this court deems just.

DATED, this 24 of May, 2000.

                LAW OFFICES OF JOHN W. BURKE, P.A.
                **Manuel Valdes, Esquire** – Fla. Bar No. 13307
                Co-Counsel for Plaintiff
                Suite 330, Ocean Bank Building
                782 N.W. 42nd Avenue
                Miami, FL 33126
                Tel: 305/858-6000
                Fax: 305/445-0404

and

                F. DAVID FAMULARI, ESQUIRE
                FLA. BAR NO. 0860506
                UNDERWOOD, KARCHER & KARCHER, P.A.
                Attorneys for Plaintiff
                6th Floor, Grove Plaza Building
                2900 S. W. 28th Terrace
                Miami, Florida 33133
                Tel: (305) 446-2300  Fax: (305) 446-5858

                BY: _____
                    F. DAVID FAMULARI, ESQUIRE
                    FLA. BAR NO. 086050