IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

'G 2 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

HENRY NARANJO and
MARLENE RAMIREZ,

       Plaintiffs,

vs.

STEPHEN BYRON SMITH, PALMER
JOHNSON EXPORT SALES, INC.,
PALMER JOHNSON DISTRIBUTORS, INC.
and PALMER JOHNSON, INC.,

       Defendants.
_____/

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

## ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF PALMER JOHNSON, INC. TO AMENDED COMPLAINT

**NOW COMES** the defendant, Palmer Johnson, Inc., in the above-entitled action, by and through its undersigned counsel, and as for its answer to the Amended Complaint, admits, denies and alleges as follows:

1. As to paragraph 1 of said Amended Complaint, this answering defendant admits the allegations contained in said paragraph.

2. As to paragraphs 2, 3, 4, 5, 6, 7 and 8 of said Amended Complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraphs and does, therefore, deny said allegations and puts the plaintiffs to their proof.

1



3. As to paragraphs 9 and 10 of said Amended Complaint, this answering defendant denies the allegations contained in said paragraph.

4. As to paragraph 11 of said Amended Complaint, this answering defendant admits the allegations contained in said paragraph.

5. As to paragraph 12 of said Amended Complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and does, therefore, deny said allegations and puts the plaintiffs to their proof.

6. As to paragraphs 13 and 14 of said Amended Complaint, this answering defendant denies the allegations contained in said paragraphs.

7. As to paragraphs 15 and 16 of said Amended Complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraphs and does, therefore, deny said allegations and puts the plaintiffs to their proof.

## COUNT I

8. That there are hereby realleged and incorporated herein all of the admissions, denials and allegations as contained in paragraphs 1 through 7, inclusive, of the above answer to the plaintiff's Amended Complaint, and the same are made a part hereof the same as if they had been set forth in full herein.

9. As to paragraphs 17, 18, 19, 20, 21 and 22 of said Amended Complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in said paragraphs and does, therefore, deny said allegations and puts the plaintiffs to their proof.

## COUNT II

10. That there are hereby realleged and incorporated herein all of the admissions, denials and allegations as contained in paragraphs 1 through 9, inclusive, of the above answer to the plaintiff's Amended Complaint, and the same are made a part hereof the same as if they had been set forth in full herein.

11. As to paragraph 23 of said Amended Complaint, this answering defendant admits that Palmer Johnson, Inc. was engaged in the business of constructing, building, and manufacturing motor yachts such as "Souvenir;" as to all remaining allegations contained in paragraph 23, this answering defendant denies the allegations contained in said paragraph.

12. As to paragraph 24 of said Amended Complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraphs and does, therefore, deny said allegations and puts the plaintiffs to their proof.

13. As to paragraphs 25, 26, 27 and 28 of said Amended Complaint, this answering defendant denies the allegations contained in said paragraphs.

14. As to paragraph 29 of said Amended Complaint, this answering defendant denies any negligence on the part of Palmer Johnson, Inc. which was a cause, proximate or otherwise, of the damages of Henry Naranjo; as to the nature and extent of said damages, if any, this answering defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in said paragraph and does, therefore, deny said allegations and puts the plaintiffs to their proof.

15. As to paragraph 30 of said Amended Complaint, this answering defendant denies the allegations contained in said paragraph.

## COUNT III

16. That there are hereby realleged and incorporated herein all of the admissions, denials and allegations as contained in paragraphs 1 through 15, inclusive, of the above answer to the plaintiff's Amended Complaint, and the same are made a part hereof the same as if they had been set forth in full herein.

17. As to paragraphs 31, 32, 33, 34 and 35 of said Amended Complaint, this answering defendant denies the allegations contained in said paragraphs.

18. As to paragraph 36 of said Amended Complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and does, therefore, deny said allegations and puts the plaintiffs to their proof.

## COUNT IV

19. That there are hereby realleged and incorporated herein all of the admissions, denials and allegations as contained in paragraphs 1 through 18, inclusive, of the above answer to the plaintiff's Amended Complaint, and the same are made a part hereof the same as if they had been set forth in full herein.

20. As to paragraphs 37, 38 and 39 of said Amended Complaint, this answering defendant denies the allegations contained in said paragraphs.

21. As to paragraph 40 of said Amended Complaint, this answering defendant denies any negligence on the part of Palmer Johnson which was a cause, proximate or otherwise, of the injuries and damages suffered by Henry Naranjo; as to the nature and extent of said injuries, if any, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and does, therefore, deny said allegations and puts the plaintiffs to their proof.

## COUNT V

22. That there are hereby realleged and incorporated herein all of the admissions, denials and allegations as contained in paragraphs 1 through 21, inclusive, of the above answer to the plaintiff's Amended Complaint, and the same are made a part hereof the same as if they had been set forth in full herein.

23. As to paragraph 41 of said Amended Complaint, this answering defendant denies any negligence on the part of Palmer Johnson, Inc. which was a cause, proximate or otherwise, of the damages of Marlene Ramirez; as to the nature and extent of said damages, if any, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and does, therefore, deny said allegations and puts the plaintiffs to their proof.

## AFFIRMATIVE DEFENSES

That as and for further and affirmative defenses to the Amended Complaint, this answering defendant alleges and shows to the Court as follows:

24. That the injuries and damages of the plaintiffs, if any, were proximately caused by the contributory negligence of Henry Naranjo.

25. That the injuries and damages of the plaintiffs, if any, were proximately caused by the contributory negligence of parties not named in this lawsuit, including Bradford Marine, Inc..

26. That the injuries and damages of the plaintiffs, if any, were proximately caused by the contributory negligence of Stephen Byron Smith.

27. That the plaintiffs have failed to mitigate their damages.

28. That this answering defendant reserves the right to assert further affirmative defenses as discovery progresses.

## CROSS-CLAIM

Defendant, Palmer Johnson, Inc., crossclaims against Stephen Bryon Smith and states:

29. Plaintiffs have filed their Amended Complaint against this Defendant.

30. This defendant continues to deny that it is liable to the plaintiffs herein, but in the event it is determined upon trial or other disposition of this action that this defendant is jointly liable with defendant, Stephen Byron Smith, to the plaintiffs, then in

that event, cross-claiming defendant will be entitled to contribution and/or indemnification from the defendant, Stephen Byron Smith, in accordance with law.

**WHEREFORE**, this answering and cross-claiming defendant, Palmer Johnson, Inc., respectfully demands judgment as follows:

(a) Dismissing the plaintiffs' Amended Complaint on its merits as to this answering defendant;

(b) In the alternative, for contribution and/or indemnification from Stephen Byron Smith in accordance with law;

(c) For the costs, disbursements and reasonable attorneys fees incurred in this action; and

(c) For such other and further relief as the Court deems just and equitable.

Dated at Sturgeon Bay, Wisconsin, this 15 day of August, 2000.

        **PINKERT LAW FIRM LLP**
        David L. Weber
        454 Kentucky Street
        P. O. Box 89
        Sturgeon Bay, WI 54235-0089
        (920) 743-6505

        _/s/ David L. Weber_
        David L. Weber
        Wisconsin Bar No.: 1010749

MURPHY, REID, PILOTTE, ORD & AUSTIN
GEORGE P. ORD, P.A.
340 Royal Palm Way
Suite 100
Palm Beach, FL 33480
(561) 655-4060

_____
George P. Ord, Esq.
Florida Bar No.: 177808

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to Manuel Valdes, Esq., Law Offices of John W. Burke, P.A., Suite 330, Ocean Bank Building, 782 N.W. 42d Avenue, Miami, FL 33126; F. David Famulari, Esq., Underwood, Karcher & Karcher, P.A., 6th Floor, Grove Plaza Building, 2900 S.W. 28th Terrace, Miami, FL 33133, John D. Kallen, Esq., Badiak, Will & Kallen, 17071 West Dixie Highway, North Miami Beach, FL 33160 and Lawrence B. Craig, III, Esq., Valle & Craig, PA, 80 SW 8th Street, Suite 2520, Miami, FL this 21st day of August, 2000.

MURPHY, REID, PILOTTE, ORD & AUSTIN
GEORGE P. ORD, P.A.
340 Royal Palm Way
Suite 100
Palm Beach, FL 33480
(561) 655-4060

_____
George P. Ord, Esq.
Florida Bar No.: 177808

D:\WP51DOC\WEBERCOR\PJ-CAPTIVATOR\ANSWER-AFF DEF-CROSSCLAIM
DLW/jmm   08/14/2000