97.1                                                                    _____D.C.

UNITED STATE DISTICT COURT
SOUTHERN DISTRICT OF FLORIDA          -3  PM 3: 56

MIAMI DIVISION

CASE NO. 00-6022-CIV-LENARD

HENRY NARANJO and                    Magistrate Judge Turnoff
MARLENE RAMIREZ,

      Plaintiffs,

v.

STEPHEN BYRON SMITH, PALMER
JOHNSON EXPORT SALES, INC.,          **PALMER JOHNSON'S ANSWER TO**
PALMER JOHNSON DISTRIBUTORS,          **CROSS-CLAIM OF STEPHEN BYRON**
INC., and PALMER JOHNSON, INC.        **SMITH**

      Defendants.

_____/

     COMES NOW the Defendant, PALMER JOHNSON, INC., in the above-captioned action,

by and through its undersigned counsel, and as for its Answer to the Cross-Claim of Stephen

Byron Smith, admits, denies, and alleges as follows:

     1.    As to Paragraphs 1 and 2 of said Cross-Claim of Stephen Byron Smith, this

answering Defendant admits the allegations contained in said Paragraphs.

     2.    As to Paragraph 3 of said Cross-Claim of Stephen Byron Smith, this answering

Defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in said Paragraph and does, therefore, deny said allegation and puts Stephen

Byron Smith to his proof.

VALLE & CRAIG, P.A., ATTORNEYS AT LAW
SUITE 2520, 80 S.W. 8TH STREET, MIAMI, FLORIDA 33130 • TELEPHONE (305) 373-2888

CASE NO. 99-3373-CIV-DAVIS

3.    As to Paragraph 4 of said Cross-Claim of Stephen Byron Smith, this answering Defendant admits that it constructed said vessel but denies that it designed, modified or sold said vessel.

4.    As to Paragraph 5 of said Cross-Claim of Stephen Byron Smith, this answering Defendant denies that Stephen Byron Smith will be entitled to indemnification from Palmer Johnson, Inc. in the manner alleged in said Paragraph or in any other manner whatsoever.

5.    As to Paragraph 6 of said Cross-Claim of Stephen Byron Smith, this answering Defendant denies that Stephen Byron Smith will be entitled to contribution from Palmer Johnson, Inc. in the manner alleged in said Paragraph or in any other matter whatsoever.

WHEREFORE, this answering Defendant, Palmer Johnson, Inc. respectfully demands judgment as follows:

(a)    Dismissing the Cross-Claim of Stephen Byron Smith on its merits as to this answering Defendant;

(b)    For the costs, disbursements and reasonable attorneys' fees incurred in this action; and

(c)    For such other and further relief as the Court deems just and equitable.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was furnished by U.S Mail on the ___ day of October, 2000 to:  Manuel Valdes, Esq., Law Offices of John W. Burke, P.A., 782 NW 42nd Ave., Suite 330, Miami, FL  33126; F. David Famulari, Esq., Underwood, Karcher & Karcher, P.A., 2900 SW 28th Terrace, 6th Floor, Miami, FL 33133; and

2

CASE NO. 99-3373-CIV-DAVIS

John D. Kallen, Esq., Badiak, Will & Kallen, 17071 W. Dixie Hwy., N. Miami Beach, FL

33160.

PINKERT LAW FIRM LLP
Co-Counsel for Defendant Palmer Johnson
P. O. Box 89
Sturgeon Bay, WI  54235-0089
Telephone:    (920) 743-6505

VALLE & CRAIG, P.A.
Attorneys for Defendant Palmer Johnson
80 SW 8th Street, Suite 2520
Miami, FL  33130
Telephone:    (305) 373-2888
Facsimile:    (305) 373-2889
valle@vallecraig.com

By: _____
   FRANK J. SIOLI
   Fla. Bar No. 9652

3