UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO and
MARLENE RAMIREZ,

CASE NO. 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

    Plaintiffs,

vs.

STEPHEN BYRON SMITH and
PALMER JOHNSON, INC.,

    Defendants
_____/



### REPLY OF STEPHEN BYRON SMITH TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Stephen Byron Smith's reply will be brief.

Although plaintiff Naranjo contends that paragraphs 5, 7, 8, 11, 12, 13, 17a-h, 18 and 19 (of this defendant's Statement of Undisputed Material Facts) "contain facts that are in dispute," the plaintiff has not offered any contrary or conflicting "facts." Accordingly the facts, as set forth by this defendant (in the Motion for Summary Judgment) remain and should be considered to be undisputed.

Plaintiff contends, in opposition to the Motion for Summary Judgment, that this defendant and/or Captain Bredbeck should have known about the void space "containing the explosive vapors [which] was a dangerous condition..." (p.3 of plaintiff's response) yet the plaintiff offers no factual support or evidence for this contention. Indeed, there is none. Plaintiff Naranjo admitted that he did not ask the captain about the presence of any vapors,



CASE NO. 00-6022-CIV-LENARD

gas or fumes in the "void space" (Naranjo I, pp. 120,121) and in fact Bredbeck was not aware of any such possibility.[1]

Plaintiff has also wrongly suggested that the plaintiff had "thoroughly vented the lazarette space prior to commencing work" (plaintiff's memo, p.5). Actually, as the plaintiff testified, the blower machine that he was using in the lazarette space was for the purpose of eliminating smoke and bad odors and <u>not to detect or eliminate vapors or gas that could be ignited by the welding torch</u> (Naranjo I, p.123).

While the plaintiff does correctly acknowledge that the duty, if any, that this defendant owed to the plaintiff would have existed only when the vessel was "turned over" to Bradford Marine for repairs, the case law (cited by the defendant and not distinguished in any way by the plaintiff) explains why this duty was not and could not have been breached by the defendant in this instance. Both factually and legally the obligation to (1) determine if the space was "gas free," and if necessary (2) take the steps to "gas free" the

---

[1] As the defendant pointed out in his Motion for Summary Judgment, while there is a dispute as to whether the captain told the plaintiff that the concrete was "flush" against the aluminum subfloor in the lazarette, this conflict in the testimony does not create a "genuine issue of material fact." Obviously the existence of the void space itself was not the dangerous condition but rather, the presence of flammable vapors, gas or fumes.

2

space before the welding commenced, was that of Bradford Marine and/or the plaintiff but not of this defendant. *Duplantis v. Zigler Shipyards, Inc.*, 692 F.2d 372 (5th Cir. 1982).

Accordingly, it is submitted that given the undisputed material facts in this case, this defendant is entitled to summary judgment as a matter of law.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been mailed to all counsel of record listed on the attached service list this 25 day of May, 2001.

BADIAK, WILL & KALLEN
Attorneys for Smith
17071 West Dixie Highway
No. Miami Beach, Florida 33160
Tel: 305-945-1851
Fax: 305-944-8780

By: _____
John D. Kallen
Florida Bar No. 277428

A:\RPLY.RSPN.MSJ.wpd

```
 1  to put the welding machine on, did you?
 2       A.   That is true, I did not.
 3       Q.   That's your decision?
 4       A.   Because I know what temperature to put it on.
 5       Q.   That's right.  Captain Jack told you what he wanted
 6  welded, right; but it was up to you as to how to do it
 7  correctly, correct?
 8       A.   Yes.
 9       Q.   Do you know what an air extractor does?
10       A.   Yes.
11       Q.   What is the purpose of it?  What does it do?
12       A.   It specifically is to blow out the smoke and bad
13  odors; and especially smoke so that it does not cause health
14  problems to someone.
15       Q.   Is the blower, the air extractor that you're talking
16  about, has nothing to do with telling you whether there is
17  gas or vapor in the space where you welded, correct?
18            MR. FAMULARI:  Object to form.
19       A.   Repeat the question.
20       Q.   Does that blower tell you if there is vapors or
21  flammable gas in the space where you are welding?
22       A.   In the - no.
23       Q.   Does that blower blow away the flammable gas or
24  vapor that may be in the space that you're welding?
25       A.   No.  It is for smoke.
```

SERVICE LIST

CASE NO. 00-6022-CIV-LENARD/TURNOFF

F. David Famulari, Esq.
Blanck & Perry, P.A.
Attorneys for Plaintiffs
5730 SW 74th Street
Suite 700
Miami, FL 33143
Tel: 305-663-0177
Fax: 305-663-0146

Manuel Valdes, Esq.
910 Madrid Street
Coral Gables, FL 33134
Tel: 305-529-5428

Frank J. Sioli, Esq.
Valle & Craig, P.A.
Attorneys for Palmer Johnson
80 SW Eighth Street, Suite 2520
Miami, FL 33130
Tel: 305-373-2888
Fax: 305-373-2889

David L. Weber, Esq.
Pinkert Law Firm LLP
Co-counsel for Palmer Johnson
454 Kentucky Street
P.O. Box 89
Sturgeon Bay, WI 54235