LFV:FJS/lks
97-1

**NIGHT BOX FILED**
JUN - 4 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HENRY NARANJO and                      CASE NO. 00-6022-CIV-LENARD
MARLENE RAMIREZ,                       Magistrate Judge Turnoff

      Plaintiffs,
v.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.,

      Defendants.
_____/

### AGREED MOTION FOR ENLARGEMENT OF TIME FOR JOINDER OF PARTIES AND AGREED MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, the Defendant, PALMER JOHNSON, INC., by and through its undersigned attorneys, and files this Agreed Motion for Enlargement of Time for Joinder of Parties and Agreed Motion for Leave to File Third Party Complaint and Memorandum of Law in Support Thereof, and states as follows:

1. That on or about April 11, 2000, this Court issued its Original Pre-Trial Order (based on a Joint Scheduling Report), which provided that all Third Parties be joined into the claim by May 1, 2000. Defendant Palmer Johnson was not yet a party to this action at the time the Order was issued.

2. That this claim is currently scheduled for Trial during the two-week calendar commencing November 12, 2001.

3. That pursuant to an Agreed Motion for Extension of Time dated December 27, 2000, various deadlines were extended, a copy of which is a attached hereto as



CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

Exhibit "A". However, the parties inadvertently did not include the time for joining additional parties in the Agreed Motion to Extend Deadlines.

4. That the Complaint herein alleges negligence against the Defendants, as well as strict liability against Palmer Johnson, who manufactured the subject yacht wherein the Plaintiff was injured.

5. That the deposition of Tom Fexas, the marine architect who designed the yacht, was obtained on May 7, 2001, well within the current discovery parameters.

6. That through the deposition of Mr. Fexas, the parties developed information, which established that Palmer Johnson built the subject yacht in accordance with the plans and specifications of Tom Fexas, a fact which will necessitate the inclusion of Mr. Fexas as a Third Party Defendant.

7. That the parties, particularly the Defendants, would be unduly prejudiced if they were not able to join Mr. Fexas as a third party, especially since his deposition testimony was only recently obtained, and was completed as expeditiously as possible in light of the schedules of the many parties and attorneys herein, as well as schedule of Mr. Fexas. Further, the interest of judicial economy would be served by all claims in the matter being litigated in a single action.

8. That fundamental fairness dictates that this defendant be permitted to file a third party complaint against Mr. Fexas for indemnity, so that a finder of fact may properly consider all the proper parties who may have had a part in the Claimant's injuries.

9. That all the parties herein are in agreement with this Motion.

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure have long been interpreted liberally and in favor of inclusion of potentially responsible parties in the subject litigation. "A liberal attitude toward the inclusion of parties is a necessary concomitant to the liberalized Third Party practice authorized by the Federal Rules of Civil Procedure." United Artists Corp. v. Masterpiece Productions, 221 F.2d 213, 217 (2d Cir. 1955). Indeed, the presence of Tom Fexas Yacht Designs is necessary to complete adjudication of the issues involved in this litigation, which should not be retried at another time in another form. See, Id. Therefore, the inclusion of Tom Fexas Yacht Designs is proper in order to properly resolve all the issues in this case at the same time, and not through multiplication, or piece meal, litigation.

WHEREFORE the undersigned respectfully requests this Court to enter an order granting this motion and permit the joinder of additional parties through June 15, 2001, and grant Defendant, Palmer Johnson, Leave to File a Third Party Complaint against Tom Fexas, deeming the Complaint (attached hereto as Exhibit "B") to be filed as of the date of the Court's Order.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing motion has been furnished by mail this ___4___ day of June, 2001 to: **Manuel Valdes, Esquire**, Law Offices of Manuel Valdes, Attorneys for Plaintiffs, 910 Madrid Street, Coral Gables, Florida 33134; **F. David Famulari, Esquire**, Co-Counsel for Plaintiffs, Blanck & Perry, P.A., 5730 SW 74th St., Suite 700, Miami, FL 33143; **John D. Kallen, Esquire**, Badiak, Will & Kallen, Attorneys for Stephen Byron Smith, 17071 West Dixie Highway, North

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

Miami Beach, Florida 33160; and David L. Weber, Esquire, Pinkert Law Firm LLP, 454 Kentucky Street, P.O. Box 89, Sturgeon Bay, WI 54235-0089.

>VALLE & CRAIG, P.A.
>Co-Counsel for Defendant,
>PALMER JOHNSON, INC.
>Dadeland Centre
>Suite 1000
>9155 South Dadeland Boulevard
>Miami, Florida 33156
>Telephone: (305) 373-2888
>Fax: (305) 373-2889
>
>By: _____
>LAURENCE F. VALLE
>Florida Bar No. 121382
>FRANK J. SIOLI
>Florida Bar No. 009652

HENRY NARANJO and MARLENE RAMIREZ,

    Plaintiff(s),

vs.

STEPHEN BYRON SMITH,

    Defendant(s).
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND PRETRIAL DEADLINES

**THIS CAUSE** is before the Court on Defendant's Agreed Motion For Extension of Time for parties to Comply with Pre-Trial Deadlines, (D.E. #55) filed December 27, 2000. After having reviewed the motion and being fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the motion is granted. The discovery dates ordered in the Court's September 26, 2000 Order (D.E. #48) are hereby extended as follows:

| | | |
|---|---|---|
| By: | August 20, 2001 | All <u>fact</u> discovery must be completed. The parties are under a continuing obligation to supplement discovery responses within <u>ten (10) days</u> of receipt or other notice of new or revised information. |
| By: | May 1, 2001 | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.(K), and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| By: | June 1, 2001 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.(K), and |


EXHIBIT "A"

only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff.

By: July 1, 2001          All <u>expert</u> discovery must be completed.

By: August 15, 2001     All dispositive pretrial motions and memoranda of law must be filed, as well as any motions to exclude or limit proposed expert testimony.

**All other pretrial dates,** including deadlines for Mediation, and Pretrial Stipulation remain in full force and effect.

THERE SHALL BE NO FURTHER EXTENSIONS.

**DONE AND ORDERED** in Chambers at Miami, Florida this __9__ day of January, 2001.

```
                                    JOAN A. LENARD
                                    UNITED STATES DISTRICT JUDGE
```

Copies furnished to:

Magistrate Judge William C. Turnoff

F. David Underwood, Esq.
Underwood, Karcher & Karcher, P.A.
9th Floor, Grove plaza Building
2900 SW 28th Terrace
Miami, FL 33133

Manuel Valdes, Esq.
Rivkind & Pedraza, P.A.
66 West Flagler Street, 6th Floor
Miami, FL 33130

John D. Kallen, Esq.
Badiak, Will & Kallen
17071 West Dixie Highway
North Miami Beach, FL

David L. Weber, Esq.
Pinkert Law Firm LLP
454 Kentucky Street
Sturgeon Bay, WI 54235-0089

George P. Ord, Esq.
Murphy, Reid, Pilotte, Ord & Austin
340 Royal Palm Way, Suite 100
Palm Beach, FL 33480

Shawn B. McKamey, Esq.
Billing, Cochran, Heath, et al.
888 SE 3rd Avenue, Suite 301
Ft. Lauderdale, FL 33316