

LFV:FJS/lks
97-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiffs,

v.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.,

    Defendants.
_____/

PALMER JOHNSON, INC.,

    Third Party Plaintiff,

v.

TOM FEXAS YACHT DESIGN, INC.,

    Defendant.
_____/

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

### THIRD PARTY COMPALINT
### (INDEMNITY, OR CONTRIBUTION)

COMES NOW, the Plaintiffs, PALMER JOHNSON, INC.'S, by and through its undersigned attorneys, and hereby files its Third Party Complaint against TOM FEXAS, YACHT DESIGN, INC. (hereinafter referred to as "FEXAS"), and states as follows:

1. That the overlying action is one for damages within the Admiralty and Maritime jurisdiction of this court.

2. That at all times material hereto, Palmer Johnson is a foreign corporation in the business of manufacturing yachts and other pleasure crafts.

EXHIBIT "B"



3. That at all times material hereto, FEXAS was a Florida Corporation with its principal place of business in Martin County, Florida.

4. That at all times material hereto, there was allegedly in effect an agreement between Palmer Johnson, Inc., and FEXAS wherein FEXAS would design the subject vessel "*Souvenir*" (*ex-"Captivator"*), and Palmer Johnson would construct the vessel pursuant to those design specifications.

5. That on or about July 7, 1997, approximately 14 years after the vessel construction was completed, Henry Naranjo was performing repair work on the "*Souvenir*" while in the employ of Bradford Marine, when an explosion took place and Mr. Naranjo was allegedly injured.

6. That the Plaintiffs in the overlying action, HENRY NARANJO and MARLENE RAMIREZ, have sued Palmer Johnson for damages resulting from the above referenced incident in the Southern District of Florida, Case Number 00-6022-CIV-LENARD.

## COUNT I. - COMMON LAW INDEMNITY

Palmer Johnson readopts and re-alleges paragraphs (1-7), as more fully set forth herein above, and incorporates same herein by reference as though set forth in full.

7. That FEXAS owed a duty to the Palmer Johnson, to design the vessel so that the vessel was seaworthy and designed free from defects which could render it inherently dangerous.

8. That Palmer Johnson relied on the expertise and experience of FEXAS to design the vessel so that it was seaworthy and fit for its intended use.

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

9. Plaintiff, Henry Naranjo, alleges that Palmer Johnson breached a duty of care to the Plaintiff and negligently designed or constructed the said vessel, and such breach was alleged to be the direct and proximate cause of the damages suffered by the Plaintiff, Henry Naranjo.

10. That FEXAS was solely responsible for the design and specifications for the subject yacht, including the custom extension thereof, and Palmer Johnson was simply a conduit which converted design to product, and its liability, if any, is derivative, technical, constructive or vicarious due to its alleged relationship with FEXAS.

11. That without any active fault of its own, Palmer Johnson may suffer payment of money damages to the Plaintiffs and has been required to retain counsel and to incur attorney's fees and costs in defending the Plaintiffs' law suit.

12. That while Palmer Johnson denies the allegations plead in the Plaintiffs' Complaint, in the event Palmer Johnson is held liable to the Plaintiffs' for negligence in the design of the vessel or specification of concrete for ballast in conjunction with the vessel's aluminum frame and hull, then Palmer Johnson is entitled to indemnity from FEXAS including an award for costs and reasonable attorney's fees.

## COUNT II. - CONTRIBUTION

Third Party Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-11, as though set forth in full.

13. That as a result of Mr. Fexas design and specifications of materials in the construction of the subject yacht, in the event the jury finds that the vessel was negligently designed and/or that improper materials were specified for its construction, then FEXAS is a joint tort feasor in this claim.

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

WHEREFORE, Palmer Johnson demands judgment for indemnification from Third Party Defendant FEXAS; or, in the alternative, that the Court apportion fault and order FEXAS to contribute his pro-rata share of damages, if any, in accordance with the General Maritime Law of the United States, and grant such further relief as the Court deems just and proper.

DATED this 4th day of June, 2001.

VALLE & CRAIG, P.A.
Co-Counsel for Defendant,
PALMER JOHNSON, INC.
Dadeland Centre
Suite 1000
9155 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 373-2888
Fax: (305) 373-2889

By: _____
LAURENCE F. VALLE
Florida Bar No. 121382
FRANK J. SIOLI
Florida Bar No. 009652