LFV:FJS/lks
97-1



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

HENRY NARANJO and　　　　　　　　　　CASE NO. 00-6022-CIV-LENARD
MARLENE RAMIREZ,　　　　　　　　　　Magistrate Judge Turnoff

　　　Plaintiffs,

v.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.,

　　　Defendants.
_____/

## MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL & MEMORANDUM OF LAW IN SUPPORT THEREOF

COME NOW, the Defendant, PALMER JOHNSON, INC., by and through its undersigned attorneys, and files this its Motion to Strike Plaintiff's Demand for Jury Trial & Memorandum of Law in Support thereof and states as follows:

1. That within the four corners of their complaint, the Plaintiffs allege that this claim falls under the General Maritime Law of the United States, and the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §905(b).

2. However, actions brought pursuant to this Court's Admiralty & Maritime Jurisdiction may not be heard by a jury under maritime law, and therefore the demand for a jury trial must be stricken.

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

## MEMORANDUM OF LAW

Because the Law of Admiralty (to which the Plaintiffs have availed themselves) does not provide for the right to a jury trial, the Plaintiff's demand for a jury trial is inappropriate in this maritime action. *See William P. Brooks Construction Co. vs. Guthrie, 614 F.2d 509 (5th Cir. 1980); see also TNT Marine Services, Inc. vs. Weaver Shipyards, 702 F.2d 585 (5th Cir. 1983)*(Even where Rule 9(h) was not expressly invoked and diversity jurisdiction, existed a plaintiff has no right to a jury trial if the complaint contained a statement identifying the claim as an admiralty or maritime claim.) Moreover, the Plaintiff's failed to allege any independent jurisdictional basis for a jury trial in their Complaint. (See Fed. R. Civ. P. 38(e)(2000) (Rules of Civil Procedure shall not be construed to create a trial by jury of issues in Admiralty.)  However, had the Plaintiffs filed this action in State Court, a jury trial would have been available under the "saving the suitors" clause of 28 U.S.C.A. §1333. See 28 U.S.C.A. § 13333.

Therefore, because of the Plaintiffs' allegations in this claim sound in Admiralty, and Maritime Law does not provide for jury trials of such claims, the Plaintiff's demand for jury trial should be stricken.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing motion has been furnished by mail this 20th day of June, 2001 to: **Manuel Valdes, Esquire**, Law Offices of Manuel Valdes, Attorneys for Plaintiffs, 910 Madrid Street, Coral Gables, Florida 33134; **F. David Famulari, Esquire**, Co-Counsel for Plaintiffs, Blanck & Perry, P.A., 5730 SW 74th St., Suite 700, Miami, FL 33143; **John D. Kallen, Esquire**, Badiak,

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

Will & Kallen, Attorneys for Stephen Byron Smith, 17071 West Dixie Highway, North Miami Beach, Florida 33160; and **David L. Weber, Esquire**, Pinkert Law Firm LLP, 454 Kentucky Street, P.O. Box 89, Sturgeon Bay, WI 54235-0089.

        VALLE & CRAIG, P.A.
        Co-Counsel for Defendant,
        PALMER JOHNSON, INC.
        Dadeland Centre
        Suite 1000
        9155 South Dadeland Boulevard
        Miami, Florida 33156
        Telephone:    (305) 373-2888
        Fax:    (305) 373-2889

By: _____
        LAURENCE F. VALLE
        Florida Bar No. 121382
        FRANK J. SIOLI
        Florida Bar No. 009652