LFV/clj
97-1



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiffs,

v.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.,

    Defendants.
_____/

### NOTICE OF INTENTION TO RELY ON SUPPLEMENTAL AUTHORITY IN SUPPORT OF PALMER JOHNSON'S MOTION TO STRIKE TRIAL BY JURY

COMES NOW the Defendant, PALMER JOHNSON, INC., by and through its undersigned attorneys, and gives notice to all parties of its intention to rely on supplemental authority in support of its previously filed Motion to Strike Trial by Jury in this case, to wit: *Neenan v. Carnival Corp.*, 2001 W.L. 91542 (S.D. Fla., 2001).

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this ___10th___ day of July, 2001 to **Manuel Valdes, Esquire**, Law Offices of Manuel Valdes, Attorneys for Plaintiffs, 910 Madrid Street, Coral Gables, Florida 33134; **F. David Famulari, Esquire**, Co-Counsel for Plaintiffs, Blanck & Perry, P.A., 5730 SW 74th Street, Suite 700, Miami, Florida 33143; **John D. Kallen, Esquire**, Badiak, Will & Kallen, Attorneys for

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

Stephen Byron Smith, 17071 West Dixie Highway, North Miami Beach, Florida 33160; and

**David L. Weber**, Esquire, Pinkert Law Firm LLP, 454 Kentucky Street, P.O. Box 89, Sturgeon Bay, WI 54235-0089.

> VALLE & CRAIG, P.A.
> Attorneys for Palmer Johnson
> Dadeland Centre , Suite 1000
> 9155 South Dadeland Boulevard
> Miami, Florida 33156
> Telephone:  (305) 373-2888
> Facsimile:  (305) 373-2889
>
> By: _____
> Laurence F. Valle, Esquire
> Florida Bar No. 121382
> **Frank J. Sioli, Esquire**
> Florida Bar No. 009652

**H**

Only the Westlaw citation is currently available.

United States District Court, S.D. Florida.

John NEENAN and Andrea Neenan, Plaintiffs,
v.
CARNIVAL CORPORATION, Defendant.

No. 99-2658-CIV-LENARD.

Jan. 29, 2001.

ORDER

TURNOFF, Magistrate J.

*1 This Cause comes before the Court on Defendant Carnival Corporation's Motion To Strike Demand For Jury Trial. (D.E.64.) For the reasons stated below, Defendant's motion is granted.

Background

On July 28, 2000, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint"), alleging one count of maritime negligence and demanding a jury trial. Plaintiffs filed their Amended Complaint in admiralty within the meaning of Federal Rule of Civil Procedure 9(h). On August 14, 2000, after filing an Answer, Carnival filed the instant Motion To Strike Demand For Jury Trial. (D.E.64.)

Analysis

Article III § 2 of the Constitution extends the power of the federal courts "to all Cases of admiralty and maritime Jurisdiction" except "under such Regulations as the Congress shall make." U.S. Const., art III, § 2. Congress provides three methods by which admiralty claims may be brought before the federal courts. A suit may be brought under federal question jurisdiction where the civil action arises "under the Constitution, laws, or treaties of the United States;" under complete diversity of citizenship jurisdiction; or under any civil case of admiralty or maritime jurisdiction. 28 U.S.C. §§ 1331-33.

Section 1333 provides the federal courts with original jurisdiction over any civil admiralty claim, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. The "saving to suitors" clause has been interpreted to allow a plaintiff to bring suit as an *in personam* claim in state court or as a diversity claim in federal court, rather than suing "in admiralty" in the federal court. *See The Belfast,* 74 U.S. (7 Wall.) 624, 644 (1868); I BENEDICT ON ADMIRALTY § 123 (7th ed.1974). The "saving to suitors" clause guarantees a plaintiff's right to a jury trial in federal court when bringing suit under diversity jurisdiction, a right which is denied if brought "in admiralty." 28 U.S.C. § 1333. *See* Fed.R.Civ.P. 38(e).

Under Federal Rule of Civil Procedure 9(h), a pleading may contain an identifying statement claiming admiralty as the jurisdiction if cognizable in admiralty and on another ground. No identifying statement is required, however, if the claim can only be brought in admiralty. Fed.R.Civ.P. 9(h). In the Amended Complaint, Plaintiffs bring their claim under admiralty jurisdiction. In paragraph 2 of the Amended Complaint, Plaintiffs declare, "This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." Plaintiffs use the exact language of Form 2(d) of the Federal Rules of Civil Procedure to assert "the distinctively maritime procedures referred to in R. 9(h) specified by the Federal Rules of Civil Procedure." Fed.R.Civ.P. Form 2(d). Plaintiffs do not assert either subject matter or diversity jurisdiction. Because Plaintiffs bring this claim in admiralty, Federal Rule of Civil Procedure 38(e) removes the right of trial by jury for claims falling under Federal Rule of Civil Procedure 9(h). *See Harrison v. Flota Mercante Grancolumbiana,* 577 F.2d 968, 986 (5th Cir.1978) (by electing to proceed under Federal Rule of Civil Procedure 9(h) rather than diversity jurisdiction, a trial by jury may be precluded where it might otherwise have existed). Therefore, Plaintiffs may not demand a jury for a single cause of action brought in admiralty.

*2 Moreover, case law does not support Plaintiffs' jury demand for a claim solely arising under admiralty jurisdiction. Plaintiffs cite various cases to support the proposition that the right to a jury trial exists in admiralty jurisdiction. *See Fitzgerald v. United States Lines,* 374 U.S. 16 (1963); *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Fuel Oil,* 704 F.2d 1038 (8th Cir.1983); *Red Star Towing & Transp. Co. v. Ming Giant,* 552 F.Supp. 367 (S.D.N.Y.1982); *Gyorfi v. Partrederiet Atomena,* 58 F.R.D. 112 (N.D.Ohio 1973); *United States Lines Co. v. International Longshoremen's Ass'n,* 265 F.Supp.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

666 (D.Mass.1967). These cases are distinguishable from the instant matter. The cases cited refer to claims where jury trials have been allowed by statute (i.e., Jones Act, 46 U.S.C. § 688 or Fed.R Civ.P. 42(b)), for third party claims, and by consent of all parties. The instant case is a passenger claim for a maritime tort in which the parties do not consent to a jury trial. Therefore, Plaintiffs' cited case law does not support their demand for a jury trial.

Similarly, case law of this Court contradicts Plaintiffs' position. In *Green v. Ross,* this Court addressed the right to jury trials for wrongful death suits brought in admiralty. 338 F.Supp. 365 (S.D.Fla.1972). This Court concluded, "the courts are not free to create a right to trial by jury where none had existed. Apart from any independent jurisdictional basis (which is not alleged here), a claimant in admiralty has no jury trial right unless he sues under a statute which expressly provides it, such as the Jones Act." *Id.* at 367 (citing *Ballard v. Moore-McCormick Lines, Inc.,* 285 F.Supp. 290, 292 (S.D.N.Y.1968)). Similarly, in the instant case, Plaintiffs brought a maritime negligence action in admiralty and did not allege any other independent jurisdictional basis. Therefore, under the precedent of this Court, Plaintiffs do not have a right to a jury trial.

Plaintiffs alternatively demand an advisory jury if their jury demand is not granted. Plaintiffs cite to an order from this Court for the proposition that advisory juries are allowed in admiralty claims. *Pollack v. Norwegian Cruise Lines, Ltd.,* 98- 0621- CIV-LENARD (D.E.30). This Court, however, did not empanel an advisory jury in that case. It merely decided that it was too early in the proceedings to deny or rule out the motion for an advisory jury, as it had only provisionally certified the class and discovery was still ongoing. *Id.* In the instant case, the Court denied Plaintiffs' Motion to Certify Class Action. (D.E.88.) Further, Plaintiffs' Amended Complaint places their claim solely within admiralty jurisdiction, under which claims are traditionally tried without a jury. Plaintiffs offer no arguments to compel this Court to digress from this practice.

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion To Strike Demand For Jury Trial (D.E.64) is GRANTED.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works