UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HENRY NARANJO and
MARLENE RAMIREZ

CASE NO.: 00-6022-CIV-LENARD
JUDGE: WILLIAM C. TURNOFF

  Plaintiffs,

v.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.

  Defendants,
_____/

PALMER JOHNSON, INC.

  Third Party Plaintiff,

v.

TOM FEXAS YACHT DESIGN, INC.

  Third Party Defendant.
_____/

TOM FEXAS YACHT DESIGN, INC. ANSWER TO
THIRD PARTY COMPLAINT OF PALMER JOHNSON, INC.

Tom Fexas Yacht Design, Inc. (Fexas) answers the Third Party Complaint of Palmer Johnson, Inc. (Johnson) and denies each and every allegation contained therein accept as hereinafter admitted or otherwise qualified.

1.  Without knowledge.

2.  Fexas admits that Johnson is in the business of manufacturing yachts and pleasure crafts; however, it is without knowledge with respect to the balance of paragraph 2.

3.  Admitted.



4. Fexas admits that he prepared plans and specifications for the vessel "Souvenir" pursuant to which Johnson would perform work on the vessel, but denies the balance of the allegation to the extent that it is in conflict with the terms of the agreement.

5. Without knowledge.

6. Admitted.

## COUNT I

7. Denied.

8. Without knowledge.

9. Denied to the extent that the allegation misstates the allegations of Naranjo.

10. Denied.

11. Denied.

12. Denied.

## COUNT II

13. Denied.

WHEREFORE, the Third Party Defendant, Tom Fexas Yacht Design, Inc. demands judgment in its favor dismissing the pretended claims of Palmer Johnson, Inc.

## AFFIRMATIVE DEFENSES

14. Johnson has failed to state a claim upon which relief can be granted.

15. Johnson's claim is barred by the applicable statute of limitations.

16. No common law liability exists between Johnson and Fexas.

17. Fexas is entitled to the statutory limitations on contribution between joint tortfeasors.

18. Any negligence resulting in injuries to the plaintiff was the negligence of Johnson

or other persons over whom this answering third party defendant had no control.

19. If there was any negligence in addition to the negligence of the plaintiff himself that resulted in injury to the plaintiff, that negligence was the negligence of Johnson.

20. Fexas is entitled to, and incorporates herein, Johnson's affirmative defenses to the claims of the plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via fax (305) 373-2889 and by U.S. Mail this 27 day of July, 2001 to **Laurence F. Valle, Esquire**, Frank J. Sioli, Esquire, Valle & Craig, P.A. at 9155 South Dadeland Boulevard, Suite 1000, Dadeland Centre, Miami, Florida 33156 and by facsimile (305) 445-0404 and U.S. Mail to **Manuel Valdes, Esquire,** Law Offices of John W. Burke, P.A. at Suite 330, Ocean Bank Building 782 N.W. 42nd Avenue Miami, FL 33126 and by facsimile (305) 663-0146 and U.S. Mail to **F. David Famulari, Esquire**, Underwood, Karcher & Karcher, P.A. 6th Floor, Grove Plaza Building, 2900 S.W. 28th Terrace, Miami, Florida 33133.

**MANNIKKO & BARIS**

By: _____
Joseph L. Mannikko 383120
E. Barbara Baris 0894052
Brent E. Baris 0093122
Counsels for Tom Fexas Yacht Design, Inc.
870 SW Martin Downs Blvd., Suite 1
Palm City, Florida 34990
(561) 283-0084
(561) 283-1084 facsimile

F:\FEXAS\Complaint Ans wpd.wpd