UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY INTAKE D.C.
01 JUL 27 AM 10: 05
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIA

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

HENRY NARANJO

Plaintiff,

vs.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.

Defendants.

_______________________________________/

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S, PALMER JOHNSON, INC., MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL AND MOTION TO AMEND THE AMENDED COMPLAINT TO ADD DIVERSITY JURISDICTION**

COME NOW the Plaintiff, by and through undersigned counsel, and hereby files his response to Defendant's, PALMER JOHNSON, INC., Motion to Strike Plaintiffs' Demand for Jury Trial dated June 20, 2001. In support thereof, the Plaintiff states as follows:

1. Defendant's, PALMER JOHNSON, INC. (hereinafter "PALMER JOHNSON"), statement in paragraph one of their Motion to Strike is not totally correct as the Plaintiff has filed an *in personam* action against Defendant, PALMER JOHNSON, in Counts II, III, and IV. These are not *in rem* claims. Additionally, Plaintiff has pled in Paragraph I and within the four corners of the Amended Complaint, that this action arises under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §905(b) and the General Maritime Laws of the United States and **"other laws of the United States as hereinafter more fully appears**." "Other Laws" is sufficiently broad to encompass and invoke this court's diversity jurisdiction. Even if not specifically plead by the plaintiff, 28 USC 1653

104/ar

permits liberal amendments to plead proper jurisdiction at any time.

2. PALMER JOHNSON'S Paragraph II in the Motion to Strike is an incorrect statement of the law, when PALMER JOHNSON states "Actions brought pursuant to this court's admiralty jurisdiction and maritime jurisdiction may not be heard by a jury under the maritime law and therefore the demand for jury trial must be stricken." This statement of law is incorrect. The Supreme Court of the United States has stated that while there is no constitutional right to a jury trial in admiralty and the Seventh Amendment does not require jury trials in admiralty cases, neither that amendment nor any other provision of the Constitution forbids them either. Nor does any statute of Congress or rule of procedure, civil or admiralty, forbid jury trials in admiralty cases. See Fitzgerald vs. United States Line, 374 US 16 (1963). The Defendant's, PALMER JOHNSON, characterization is clearly incorrect.

3. Likewise, and following the Supreme Court's reasoning in Fitzgerald, the United States District Court for the Northern District of Ohio, Eastern District, held that the fact that there is no jury trial in admiralty as a matter of right does not mean that it is not permissible for a jury to hear and determine issues denominated as arising under the court's admiralty jurisdiction. See Gyorfi v Partrederiet Atomena, 58 FRD (ND Ohio 1973).

4. In this action, however, Plaintiff, HENRY NARANJO, has not pled admiralty jurisdiction as against Defendant, PALMER JOHNSON. Plaintiffs have instead brought a cause of action against Defendant, PALMER JOHNSON, under 33 U.S.C. §933, a statutory cause

of action which allows third party suits against non-vessel owners and is the type of case which is on the law side of this court's jurisdiction. Having done so, the right to trial by jury attaches. See Koch Fuels, Inc. vs. Cargo of 13,000 Barrels of Oil, 704 F2d 1038 (8 Cir 1983); See also, Atlantic and Gulf Stevedores, Inc. vs. Ellerman Lines, Ltd., 369 US 355 (1962) ("An admiralty claim that is also cognizable as a civil claim, however, may be brought as an ordinary civil action. In these cases the right to a jury trial attaches.")

5. Additionally, Plaintiffs have sued Defendant, STEVEN BYRON SMITH (hereinafter "SMITH"), under 33 U.S.C. §905(b). Defendant, SMITH, is a citizen of Illinois. Defendant, PALMER JOHNSON, is a corporation existing in and by virtue under the laws of the State of Wisconsin. The Plaintiff is a citizen of Florida and therefore, on these facts, this cause of action falls under this court's diversity jurisdiction as against Defendants, SMITH and PALMER JOHNSON. In the case before this court, the Plaintiff suffered a catastrophic injury in an explosion on a yacht owned by defendant Smith and manufactured by defendant Palmer Johnson and the amount in controversy is in excess of $75,000. Therefore, the Plaintiff has an absolute right to a trial by jury under this court's diversity jurisdiction pursuant to 28 USC 1332 as well as the Savings to Suitors Clause .

6. In this case, the proper focus of the Plaintiff's right to jury trial is whether the Plaintiff could have brought this case at common law. Stated another way, the issue is whether the court had an independent basis for jurisdiction and whether this was the type of claim that is traditionally brought in state court, or on the law side in District Court. See Ghotra vs. Bandila Shipping,Inc., 113 F3d. 1050 (9Cir. 1997) . In this case, the Plaintiff has clearly

met this burden based upon the arguments made herein that there is diversity of citizenship between Plaintiff and Defendants and; Counts II, III, and IV are the types of claims traditionally brought in state court. Furthermore, Count I of the Plaintiff's complaint could also have been brought in state court eventhough it is a 905(b) claim and plaintiff still would have had a right to a trial by jury.

7. Additionally, in this action, Plaintiff has sued the Defendant, PALMER JOHNSON, under the theories of failure to warn, strict product liability and negligence. All of these theories are cognizable at common law giving the Plaintiff an absolute right to jury trial. The Plaintiff's decision to seek his remedies in Federal Court does not deprive him of the right to a jury trial. See Ghotra vs. Bandila Shipping at p. 1055, citing Wilmington Trust vs. United States District Court, 934 F.2d 1026,1029 (9Cir 1991).

8. Furthermore, it is wholly proper for a jury to decide all issues involving both admiralty and law claims within the same action. See Vodusek vs. Bayliner Marine Corp., 71 F3d 148 (4 Cir. 19950; Ghotra vs. Bandilla Shipping *supra*. In the instant case, there is complete diversity between the Plaintiff, HENRY NARANJO, and Defendants, SMITH and PALMER JOHNSON. However, even if complete diversity did not exist between the Plaintiffs and these two Defendants, the court is authorized in one civil action to exercise several subject matter jurisdiction arising out of one incident, and the fact that admiralty and law claims are combined in one complaint does not in and of itself defeat the court's diversity jurisdiction and Plaintiffs' right to a jury trial. See Vodusek citing Fitzgerald which also cites Federal Rules of Civil Procedure 1, 18(a), 20(a), and 82.

These Rules of Civil Procedure make it abundantly clear that Plaintiff, in this case, has an absolute right to a jury trial. The court in Vodusek also noted that the reasoning in Fitzgerald should apply because the plaintiff sued different defendants asserting claims in admiralty and common law, each of whom is alleged to have contributed to liability through different conduct, all resulting out of the same boating accident and the same resulting injuries. The facts in Vodusek are on point with the instant case as Plaintiff Henry Naranjo has sued two different defendant's asserting different claims against each, while alleging that both defendants contributed to liability through different conduct and all arising out of the same explosion with the same resulting injuries.

9. Defendants are misplaced in their argument and the cases cited by Defendant, PALMER JOHNSON, in its Memorandum of Law are easily distinguishable and are not applicable to the instant case. Defendant, PALMER JOHNSON, cites Brook Construction vs. Guthrie, 614 F.2d 509 (5Cir. 1980) which did not have any common law claims joined with the admiralty claim, and, more importantly, there was no diversity of jurisdiction between the parties. (In fact, the action in Brooks was one to recover possession of a vessel pursuant to Rule D of the Supplemental Admiralty Rules and it is fundamental that the Court's jurisdiction was only in admiralty.) In this case, there is complete diversity between Defendants, SMITH and PALMER JOHNSON, and the Plaintiff.

10. Likewise, the other case cited by the Defendant, PALMER JOHNSON, in support of their Motion to Strike, TNT Marine Services v Weaver Shipyards and Drydocks Inc, *in personam*, and the Tug "Ocean Wind", *in rem* 702 F2d. 585 (5 Cir. 1983) is

distinguishable in that it was: (1) not at common law and **was cognizable only in admiralty**, because the case contained an *in rem* claim against a vessel which falls within the **exclusive admiralty jurisdiction** as noted by the Court. In the instant action before this court, it is clear that Plaintiffs have *in personam* common law clauses of action against all the defendants and not one cause of action falls within the court's exclusive admiralty jurisdiction and plaintiff therefore is entitled to a jury trial. As stated by the TNT Court, "a plaintiff who has a common law cause of action that also falls within the federal admiralty jurisdiction may elect to bring suit either as an admiralty action in federal court or as a state law cause of action in state court or in a federal court (assuming he meets the diversity jurisdictional requirements for federal court.)" *Id* at 587.

11. In its Notice of Supplemental Authority, Defendant Palmer Johnson cites the case of Neenan v Carnival Corporation, 2001 U.S. Dist. LEXIS 1233, (SD Fla. 2001) for further support of the Motion to Strike the Plaintiff's jury demand. Neenan states that there is no right to a jury trial in a one count complaint cognizable only in admiralty without some independent basis for jurisdiction to a right to jury trial. Unlike the Plaintiff in the Neenan case, Henry Naranjo has stated an independent basis for this court's jurisdiction, *i.e.*, 28 USC 1332, Diversity of Citizenship and the right to have his claims tried to a jury.

12. Although the plaintiff did not specifically invoke diversity as the basis for federal jurisdiction, all the requirements for diversity jurisdiction exist. (Plaintiff did, however, invoke **"other laws of the United States"** as a basis for this court's jurisdiction. As the defendants did not object to the plaintiff's demand for a jury trial until over one year after

the litigation commenced, the plaintiff now asserts his right to seek the court's leave to amend the pleadings to specifically invoke this court's jurisdiction pursuant to 28 USC 1332. By statute, the plaintiff may amend his pleadings to show jurisdiction, upon terms, during trial, after judgment, and even on appeal. See 28 USC 1653; See also Quinn v McGraw Hill Companies, Inc, 168 F3d 331 (7Cir 1999); District of Columbia v Transamerica Insurance Co., 797 F2d 1041 (DC Cir. 1986).

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Honorable Court deny the Defendant's motion to strike the jury demand in this cause, and, alternatively, grant the Plaintiff leave to amend the pleadings to invoke the Court's diversity jurisdiction and any other relief that this court may deem just and proper.

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing was mailed on this 25th day of July, 2001, to the parties listed on the attached List of Service.

Respectfully submitted,

MANUEL VALDES, ESQUIRE
Counsel for Plaintiffs
910 Madrid
Coral Gables, FL 33134
Tel. and Fax No. (305) 529-5428

BY: Manuel Valdes
MANUEL VALDES, ESQUIRE
FLA. BAR NO. 13307

and

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

BLANCK & PERRY, P.A.
Co-counsel for Plaintiffs
5730 S.W. 74th Street, Suite 700
Miami, FL 33143
Tel: (305) 663-0177 Fax: 663-0146

BY: ______________________
F. DAVID FAMULARI, ESQUIRE
FLA. BAR NO.: 0860506

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

**LIST OF SERVICE**

John D. Kallen, Esquire (Fla. Bar No.: 277428)
Badiak, Will & Kallen
Counsel for Stephen Byron Smith
17071 West Dixie Highway
North Miami Bch, FL 33160
Tel: 305/945-1851
Fax: 305/944-8780

**David L. Weber, Esquire** (Wisc. Bar No.: 1010749)
Pinkert Law Firm LLP
Co-Counsel for Palmer Johnson, Inc.
454 Kentucky Street
Sturgeon Bay, Wisconsin 54235-0089
Tel: 1/920/743-6505
Fax: 1/920/743-2041

**Frank J. Sioli, Esq.** (Fla. Bar No.: 9652)
Valle & Craig, P.A.
Counsel for Palmer Johnson, Inc.
Dadeland Center, Suite 1000
9155 S. Dadeland Boulevard
Miami, FL 33156
Tel: 305/373-2888
Fax: 305/373-2889