LFV/FJS:lks
97-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiffs,

v.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.,

    Defendants.

_____/

### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE DEMAND FOR JURY TRIAL AND RESPONSE MOTION TO AMEND THE AMENDED COMPLAINT TO ADD DIVERSITY JURISDICTION

COMES NOW, the Defendant, PALMER JOHNSON, INC., and files this its Reply to Plaintiff's Response to Defendant's Motion to Strike Demand for a Jury Trial and its Response Motion to Amend the Amended Complaint to Add Diversity Jurisdiction, and as grounds therefor states as follows:

1. The common thread woven throughout the Plaintiff's Response to Defendant's Motion to Strike Demand for Jury Trial is that an alternative basis for Federal Court jurisdiction, such as diversity, will effectively entitle the Plaintiff to a Jury Trial, despite the rule of Admiralty Law which forbids jury trials.

2. However, at this particular time, there are no allegations in the Complaint sufficient to support diversity jurisdiction, although a Motion to Amend the Complaint to add diversity jurisdiction was alluded to within the body of the Plaintiff's Response.

VALLE & CRAIG, P.A., ATTORNEYS AT LAW
9155 SOUTH DADELAND BOULEVARD, SUITE 1000, MIAMI, FLORIDA 33156 • TELEPHONE (305) 373-2888

CASE NO. 00-6022-CIV-LENARD

3. Therefore, based on the four corners of the Complaint at this time, since the Plaintiff is clearly traveling under the Admiralty and Maritime Jurisdiction of this Court, the Demand for Jury Trial must be stricken because diversity is not plead in the Complaint. See TNT Marine v. Weaver Shipyards, 702 F.2d 585 (5th Cir. 1983). Moreover, Defendant opposes the Amending of the Complaint at this time, in view of the pending trial date.

4. Finally, the Plaintiff's allegations that he is entitled to a jury trial because this claim arises under the Longshore Act, specifically 33 U.S.C. §905(b) and 33 U.S.C. §933, are misplaced. The former Fifth Circuit in Russell v. Atlantic and Golf Stevedores, et al., 625 F.2d 71 (5th Cir. 1980), held that the Longshore Act does not create a new negligence cause of action, yet merely preserves an injured workers right to recover damages from third parties in accordance with non-statutory negligence principals. Therefore the Plaintiff in Russell was not entitled to a jury trial claim because the cause of action based on the Longshore Act was essentially based on general Maritime Law.

5. Therefore, based on the above, the Plaintiff's Demand for a Jury Trial must be stricken, and trial of this matter in November of 2001 should proceed non-jury with the Court sitting in Admiralty.

WHEREFORE, the Defendant respectfully requests that this Court enter an order granting the Defendant's Motion to Strike the Plaintiff's Demand for Jury Trial.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing motion has been furnished by mail this **13th** day of August, 2001 to: **Manuel Valdes, Esquire**, Law Offices of Manuel Valdes, Attorneys for Plaintiffs, 910 Madrid Street, Coral Gables,

CASE NO. 00-6022-CIV-LENARD

Florida 33134; **F. David Famulari, Esquire**, Co-Counsel for Plaintiffs, Blanck & Perry, P.A., 5730 SW 74th St., Suite 700, Miami, FL 33143; **John D. Kallen, Esquire**, Badiak, Will & Kallen, Attorneys for Stephen Byron Smith, 17071 West Dixie Highway, North Miami Beach, Florida 33160; **David L. Weber, Esquire**, Pinkert Law Firm LLP, 454 Kentucky Street, P.O. Box 89, Sturgeon Bay, WI 54235-0089; **Joseph L. Mannikko, Esquire**, Mannikko & Baris, P.A., Attorneys for Tom Fexas Yacht Design, Inc., 870 SW Martin Downs Blvd., Suite 1, Palm City, Florida 34990.

        VALLE & CRAIG, P.A.
        Co-Counsel for Defendant,
        PALMER JOHNSON, INC.
        Dadeland Centre
        Suite 1000
        9155 South Dadeland Boulevard
        Miami, Florida 33156
        Telephone:    (305) 373-2888
        Fax:    (305) 373-2889

By: _____
      LAURENCE F. VALLE
      Florida Bar No. 121382
      FRANK J. SIOLI
      Florida Bar No. 009652