LFV\dyc
97-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

HENRY NARANJO and MARLENE RAMIREZ,

    Plaintiffs,

v.

STEPHEN BYRON SMITH, and PALMER JOHNSON, INC.,

    Defendants.
_____/

PALMER JOHNSON, INC.,

    Third Party Plaintiff,

v.

TOM FEXAS YACHT DESIGN, INC.,

    Defendant.
_____/

## DEFENDANT, PALMER JOHNSON, INC.'S MOTION FOR SACTIONS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, PALMER JOHNSON, INC. by and through their undersigned, and moves the Court for the entry of sanctions against the Plaintiff, and

CASE NO. 99-3373-CIV-DAVIS

as grounds therefore would state the following:

1.   That this Court has ordered that the last possible date for expert witness discovery was August 31, 2001.  An agreed motion to extend that deadline has been denied by this Court.

2.   That although discovery has not been completed, this Defendant scheduled the depositions of the Plaintiff's liability experts, Robert J. Camuccio, USCG (Ret.) and. Dr. Burch Stewart on August 31, 2001.  Copies of the Notices of Depositions are attached hereto as Composite Exhibit "A."

3.   In response, the Plaintiffs moved for a Protective Order and unilaterally advised us that their experts were not going to appear for deposition as scheduled.  The grounds for their objections to these depositions is contained in their Motion for a Protective Order, a copy of which is attached hereto as Exhibit "B."  The essence of the Plaintiffs' motion is that the experts are not yet ready to render opinions

4.   That, additionally, the Defendant, PALMER JOHNSON, INC., had scheduled the Plaintiff, HENRY NARANJO, for a psychological evaluation by Thomas J. Goldschmidt, M.D. on September 11, 2001, because it has been apparent throughout these proceedings that the Plaintiff will claim trauma-related depression as an element of damages in this case.  The examination by Dr. Goldschmidt, as well as other Independent Medical Examinations, were scheduled in coordination with the doctors and the undersigned had been working on coordination of these examination since the middle of July, 2001.  The Plaintiff appeared at the first time available for the

3

CASE NO. 99-3373-CIV-DAVIS

examination by Dr. Goldschmidt, however due to the Plaintiff's interference with administration of certain testing that Dr. Goldschmidt had scheduled for the Plaintiff, a conflict arose between Plaintiff's counsel, Manny Valdes (who was present), and Dr. Goldschmidt's staff, resulting in the examination being terminated. No motion for a Protective Order has been filed by the Plaintiff and he simply unilaterally determined that he would not comply with the Defendant's request for an examination.

5. Rule 35, F.R.C.P. provides for the physical and/or mental examination of persons when the mental or physical examination of that person is in controversy. Rule 35(b)(3) incorporates examinations made by "agreement of the parties" to the general Rule 35 requirements. Moreover, Rule 37, F.R.C.P., and the spirit of the rules of discovery, in ensuring a fair trial, require that the parties cooperate in discovery. Plaintiff has failed to do so. This Defendant is not unmindful of the fact that the dismissal of this case based upon the failure of the Plaintiffs to cooperate in discovery under these circumstances is too draconian a remedy, but it is respectfully submitted that an equitable remedy in this would be to preclude the Plaintiffs from introducing any testimony or evidence of psychological damages at trial, which this Defendant has now been precluded from rebutting. The alternative would be to continue trial for a reasonable period of time in order to afford this Defendant the opportunity to prepare a full and through defense to the Plaintiff's claims. ***Gregg, et al. v. Weeks Marine Inc., et al.***, 2000 WL 687719 (E.D. La.; May 25, 2000).

4

CASE NO. 99-3373-CIV-DAVIS

6. As to the depositions of experts, which were independently cancelled by the Plaintiff, Rule 37 should also apply to depositions schedule pursuant to Rule 30, F.R.C.P. Additionally, Federal courts have often employed sanctions such as precluding the Plaintiffs from offering the expert witnesses' testimony at trial where the Plaintiffs failed to produce the expert witness for deposition within an extension of time provided for that purpose by the Court. In *Anglin v. Sears, Roebuck and Co.*, 139 F.Supp. 2d 914 (USDC ND Ill., 2001), the court addressed and thoroughly discussed remedies available in Federal court for the plaintiff's failure to produce expert witnesses with an extension of time provided for that purpose by the court. There the court held that in general, United States District Courts have the power to exclude evidence pursuant to their inherent authority to manage trials. In *Anglin, supra*, the court held that adherence to established deadlines is essential if all parties are to have a fair opportunity to present their positions. In the absence of a compelling excuse, the court in *Anglin, supra,* found that it was well within its discretion to exclude those experts not produced from testifying at trial. The court further stated that if one party fails to comply with the court's pre-hearing order without a justifiable excuse, thereby frustrating the purpose of the pre-hearing order, the court was also certainly within it authority to prohibit that party from introducing witnesses or evidence as a sanction. (For the general proposition see also the case of *In Re Maurice*, 21 F.3d 767 (CA 7 1994)). In our case, if the Plaintiffs' liability experts are not prepared to render

VALLE & CRAIG, P.A., ATTORNEYS AT LAW
9155 SOUTH DADELAND BOULEVARD, SUITE 1000, MIAMI, FLORIDA 33156 • TELEPHONE (305) 373-2888

CASE NO. 99-3373-CIV-DAVIS

opinions on the last day available for expert discovery, it is a bit late in the day to call that excuse "justifiable."

7.  Undersigned counsel hereby certifies that he has in fact conferred with attorney for the Plaintiffs, Manny Valdes, in an attempt to in good faith to arrive at an agreement with regard to appropriate sanctions in this matter, but to date the parties have not reached agreement.

WHEREFORE, the Defendant, PALMER JOHNSON, INC., moves this Honorable Court for the entry of an Order imposing sanctions including, but not limited to:

1.  The striking of Robert J. Camuccio, USCG (Ret.) and. Dr. Burch Stewart as Plaintiff's liability experts in this case;

2.  The exclusion of any psychological testimony or opinions that the Plaintiff suffered any psychological damages as a result of the incident in suit; or, in the alternative, continue trial so that the appropriate Independent Medical Examinations can be conducted; and

3.  Such other further relief as the Court may deem just and proper, including but not limited to reasonable attorney's fees for the preparation and presentation of this Motion.

Respectfully submitted.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing motion has been furnished by mail this _16th_ day of September, 2001 to: **Manuel Valdes, Esquire,**

6

CASE NO. 99-3373-CIV-DAVIS

Law Offices of Manuel Valdes, Attorneys for Plaintiffs, 910 Madrid, Coral Gables, FL 33134; **F. David Famulari, Esquire**, Co-Counsel for Plaintiffs, Blanck & Perry, P.A., 5730 S.W. 74th Street, Suite 700, Miami, FL 33143; **John D. Kallen, Esquire**, Badiak, Will & Kallen, Attorneys for Stephen Byron Smith, 17071 West Dixie Highway, North Miami Beach, FL 33160; **Joseph L. Mannikko, Esquire**, Mannikko & Baris, P.A., 870 S.W. Martin Downs Blvd., Suite 1, Palm City, FL 34990, and **David L. Weber, Esquire**, Pinkert Law Firm LLP, 454 Kentucky Street, P.O. Box 89, Sturgeon Bay, WI 54235-0089.

VALLE & CRAIG, P.A.
Counsel for Defendant/Third Party
Plaintiff, PALMER JOHNSON, INC.
Dadeland Centre – Suite 1000
9155 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 373-2888
Fax: (305) 373-2889

By: _____
LAURENCE F. VALLE
Florida Bar No. 121382

7

LFV/clj

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiffs,

v.

STEPHEN BYRON SMITH, PALMER
JOHNSON EXPORT SALES, INC.,
PALMER JOHNSON DISTRIBUTORS,
INC., and PALMER JOHNSON, INC.,

    Defendants.
_____/

### NOTICE OF TAKING DEPOSITION

**TO:** Manuel Valdes, Esquire
Attorneys for Plaintiffs
910 Madrid Street
Coral Gables, Florida 33134

John D. Kallen, Esquire
Badiak, Will & Kallen
Attorneys for Stephen Byron Smith
17071 West Dixie Highway
N. Miami Beach, Florida 33160

F. David Famulari, Esquire
Blanck & Perry, P.A.
Co-Counsel for Plaintiffs
5730 SW 74th Street, Suite 700
Miami, Florida 33143

Joseph L. Mannikko, Esquire
Mannikko & Baris, P.A.
Attorneys for Tom Fexas
870 S.W. Martin Downs Boulevard
Suite 1
Palm City, Florida 34990

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| **Name:** | **Date and Time:** | **Location:** |
|---|---|---|
| Robert J. Camuccio | August 31, 2001 at 10:00 a.m. | Office of the undersigned |

*Comp. Exhibit A*

VALLE & CRAIG, P.A., ATTORNEYS AT LAW
9155 SOUTH DADELAND BOULEVARD, SUITE 1000, MIAMI, FLORIDA 33156 • TELEPHONE (305) 373-2888

CASE NO. 00-6022-CIV-LENARD/TURNOFF

**Dr. Burch Stewart**        August 31, 2001        Office of the undersigned
                            at 1:00 p.m.

upon oral examination before **Hi-Tech Court Reporting, Inc.**, Notary Public, or any other Notary Public of officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the court.

In accordance with the *Americans with Disabilities Act*, persons with disabilities needing a special accommodation to participate in this proceeding should contact the office of the undersigned, no later than seven (7) days prior to the proceeding.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail this ___24___ day of August, 2001 to the above-named addressees.

> PINKERT LAW FIRM LLP
> David L. Weber
> Co-Counsel for Defendant Palmer Johnson
> P. O. Box 89
> Sturgeon Bay, WI 54235-0089
>
> and
>
> VALLE & CRAIG, P.A.
> Attorneys for Palmer Johnson, Inc.
> 9155 South Dadeland Boulevard
> Suite 1000, Dadeland Centre
> Miami, Florida 33156
> Telephone:   (305) 373-2888
> Facsimile:   (305) 373-2889
>
> By: _____
>     FRANK J. SIOLI, ESQUIRE
>     Fla. Bar No. 009652

cc:   Hi-Tech Court Reporting, Inc.

2

LFV/clj

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiffs,

v.

STEPHEN BYRON SMITH, PALMER
JOHNSON EXPORT SALES, INC.,
PALMER JOHNSON DISTRIBUTORS,
INC., and PALMER JOHNSON, INC.,

    Defendants.
_____/

### AMENDED NOTICE OF TAKING DEPOSITION (DUCES TECUM)

| TO: | Manuel Valdes, Esquire<br>Attorneys for Plaintiffs<br>910 Madrid Street<br>Coral Gables, Florida  33134 | John D. Kallen, Esquire<br>Badiak, Will & Kallen<br>Attorneys for Stephen Byron Smith<br>17071 West Dixie Highway<br>North Miami Beach, Florida  33160 |
|---|---|---|
| | F. David Famulari, Esquire<br>Blanck & Perry, P.A.<br>Co-Counsel for Plaintiffs<br>5730 SW 74th Street, Suite 700<br>Miami, Florida  33143 | Joseph L. Mannikko, Esquire<br>Mannikko & Baris, P.A.<br>Attorneys for Tom Fexas<br>870 S.W. Martin Downs Boulevard<br>Suite 1<br>Palm City, Florida  34990 |

    PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| Name: | Date and Time: | Location: |
|---|---|---|
| Robert J. Camuccio | August 31, 2001<br>at 10:00 a.m. | Office of the undersigned |

CASE NO. 00-6022-CIV-LENARD/TURNOFF

| Dr. Burch Stewart | August 31, 2001 at 1:00 p.m. | Office of the undersigned |

upon oral examination before **Hi-Tech Court Reporting, Inc.**, Notary Public, or any other Notary Public of officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the court.

In accordance with the *Americans with Disabilities Act*, persons with disabilities needing a special accommodation to participate in this proceeding should contact the office of the undersigned, no later than seven (7) days prior to the proceeding.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and U.S. mail this 24th day of August, 2001 to the above-named addressees.

PINKERT LAW FIRM LLP
David L. Weber
Co-Counsel for Defendant Palmer Johnson
P. O. Box 89
Sturgeon Bay, WI 54235-0089

and

VALLE & CRAIG, P.A.
Attorneys for Palmer Johnson, Inc.
9155 South Dadeland Boulevard
Suite 1000, Dadeland Centre
Miami, Florida 33156
Telephone:   (305) 373-2888
Facsimile:    (305) 373-2889

By: _____
FRANK J. SIOLI, ESQUIRE
Fla. Bar No. 009652

cc:   Hi-Tech Court Reporting, Inc.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO

    Plaintiff,

vs.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.

    Defendants,
_____/

PALMER JOHNSON, INC.

    Third Party Plaintiff,

vs.

TOM FEXAS YACHT DESIGN, INC.

    Third-Party Defendant.
_____/

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

AUG 30 2001

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COMES NOW the Plaintiff, HENRY NARANJO, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26 (c), hereby files this Motion for Protective Order and states as follows:

1. The Defendant/Third Party Plaintiff, PALMER JOHNSON, INC, unilaterally scheduled the deposition (duces tecum) of two (2) Plaintiff's expert witnesses for Friday, August, 31, 2001.

Exhibit B

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

2. The expert witnesses scheduled for deposition are: (a) Robert J. Camuccio, Key Largo, Florida, a naval architect and marine engineer and (b) Burch Stewart, Hialeah Gardens, Florida, a chemist.

3. The Plaintiff received the Notice of Taking Deposition (duces tecum), via facsimile transmission, on Friday, August 24, 2001.

4. Robert Camuccio, a naval architect and marine engineer, was retained by the plaintiff to render an opinion on whether Defendant, PALMER JOHNSON, INC., was negligent in constructing the Yacht "Captivator" or whether the Yacht contained an inherently dangerous condition when it was completed by PALMER JOHNSON, INC. Burch Stewart, a chemist, was retained by the plaintiff to render an opinion on the cause of the explosion on the Yacht.

5. On August 20, 2001, the depositions of Donald Kasten, the corporate representative of Defendant, PALMER JOHNSON, INC., and Bjorn Johannson, the project supervisor, were taken in Sturgeon Bay, Wisconsin. The testimony given by these two witnesses contain fundamental facts upon which the two aforementioned experts will base their opinions. The deposition transcripts were ordered by the plaintiff at the time of the depositions but have not yet been received.

6. The plaintiff will make the experts, Robert Camuccio and Burch Stewart, available for deposition upon receipt of the aforementioned deposition transcripts at a mutually agreeable time.

2

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

7. The plaintiff has conferred in good faith with the parties scheduling these depositions in order to resolve this dispute but has not been able to do so. This motion is made in good faith and with no intent to otherwise delay these proceedings.

WHEREFORE, for the reasons set forth above, the Plaintiff, HENRY NARANJO, respectfully requests this Honorable Court to grant this Motion and enter an order delaying the depositions of Robert Camuccio and Burch Stewart until the deposition transcripts of the PALMER JOHNSON, INC. witnesses have been transcribed.

### CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing Plaintiff's Motion for Protective Order was provided by facsimile transmission and U.S. mail on this 28th day of August, 2001, to the parties listed on the attached List of Service.

Respectfully submitted,

BLANCK & PERRY, P.A.
Co-Counsel for Plaintiff
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
Tel: 305/663-0177; Fax: 305/663-0146

BY: _____
F. DAVID FAMULARI, ESQUIRE
FLA. BAR NO. 0860506

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

## LIST OF SERVICE

**John D. Kallen, Esquire**   (Fla. Bar No.: 277428)
Badiak, Will & Kallen
Counsel for Stephen Byron Smith
17071 West Dixie Highway
North Miami Bch, FL 33160
Tel: 305/945-1851
Fax: 305/944-8780

**David L. Weber, Esquire**   (Wisc. Bar No.: 1010749)
Pinkert Law Firm LLP
Co-Counsel for Palmer Johnson, Inc.
454 Kentucky Street
Sturgeon Bay, Wisconsin 54235-0089
Tel: 1/920/743-6505
Fax: 1/920/743-2041

**Frank J. Sioli, Esq.**   (Fla. Bar No.: 9652)
Valle & Craig, P.A.
Counsel for Palmer Johnson, Inc.
Dadeland Center, Suite 1000
9155 S. Dadeland Boulevard
Miami, FL 33156
Tel: 305/373-2888
Fax: 305/373-2889

**Joseph L. Mannikko, Esq.** (Fla. Bar No.: 383120)
Mannikko & Baris
Counsel for Tom Fexas Yacht Design, Inc.
870 S.W. Martin Downs Boulevard
Suite 1
Palm City, Florida 34990
Tel: 561/283-0084
Fax: 561/283-1084