LFV/FJS:lks
97-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiffs,

v.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.,

    Defendants.
_____/

PALMER JOHNSON, INC.,

    Third Party Plaintiff,

v.

TOM FEXAS YACHT DESIGN, INC.,

    Defendant.
_____/

NIGHT BOX FILED
OCT 04 2001
CLARENCE MADDOX
CLERK ... SDFL / MIA

## NOTICE OF FILING RECORDS OF THOMAS GOLDSCHMIDT, M.D., IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW, the Defendant by and through its undersigned attorneys, and file this its Notice of Filing Records of Thomas Goldschmidt, M.D., in Support of Defendant's Motion for Sanctions in the above captioned matter.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing notice has been furnished by mail this **4th** day of October, 2001 to: **Manuel Valdes, Esquire**, Law Offices of Manuel Valdes, Attorneys for Plaintiffs, 910 Madrid Street, Coral Gables,

Florida 33134; **F. David Famulari, Esquire**. Co-Counsel for Plaintiffs, Blanck & Perry, P.A., 5730 SW 74th St., Suite 700, Miami, FL 33143; **John D. Kallen, Esquire**, Badiak, Will & Kallen, Attorneys for Stephen Byron Smith, 17071 West Dixie Highway, North Miami Beach, Florida 33160; **Joseph L. Mannikko, Esquire,** Mannikko & Baris, P.A., 870 SW Martin Downs Blvd., Suite 1, Palm City, Florida 34990, and **David L. Weber, Esquire**, Pinkert Law Firm LLP, 454 Kentucky Street, P.O. Box 89, Sturgeon Bay, WI 54235-0089.

                      VALLE & CRAIG, P.A.
                      Co-Counsel for Defendant,
                      PALMER JOHNSON, INC.
                      Dadeland Centre, Suite 1000
                      9155 South Dadeland Boulevard
                      Miami, Florida 33156
                      Telephone:    (305) 373-2888
                      Fax:              (305) 373-2889

By:_____
       LAURENCE E. VALLE
       Florida Bar No. 121382
       FRANK J. SIOLI
       Florida Bar No. 009652
       DAVID WEBER
       Wisconsin Bar. No. 1010749

THOMAS J. GOLDSCHMIDT, M.D., P.A.
Specialist In Neurology and Psychiatry
1801 UNIVERSITY DRIVE, SUITE 209
CORAL SPRINGS, FLORIDA 33071
(954) 344-3900 • Fax (954) 344-2443

September 21, 2001

Mr. Frank Sioli
Attorney at Law
9155 South Dadeland Boulevard
Suite # 1000
Miami, FL. 33156

| RE: | EXAMINEE: | HENRY NARANJO |
|---|---|---|
| | SS NO.: | 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 |
| | DOB: | 02-24-58 |
| | DOA: | 07-07-97 |
| | CLAIM NO.: | 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 |

Dear Mr. Sioli,

Per your request, the following is my recollection of events in our office for the attempted IME of Mr. Naranjo, on September 11, 2001.

The examinee's attorney, Mr. Valdez, the interpreter, a Mr. Jack Fuchs, and the examinee arrived at 9:30 a.m. for the 10:00 a.m. appointment. I escorted them to a room, where Dr. Goldschmidt explained the purpose of the IME appointment and secured Mr. Naranjo's signature, indicating that he understood that the exam was to be an IME. However, when Dr. Goldschmidt directed the examinee to begin completing the questionnaire (written in English), with the assistance of the interpreter, Mr. Valdez objected. Mr. Valdez stated that he did not want the questions to be interpreted, he wanted the examinee to have the privilege of answering in his native language.

Because of the claimant attorney's numerous interruptions, Dr. Goldschmidt had to be called from caring for other patients in order to deal with Mr Valdez's objections.

As a courtesy, I then brought to the room, a Spanish version of the questionnaire that had never been used before, that had been written by a non-professional interpreter, who spoke Spanish. However, the examinee seemed to have trouble answering even the simplest questions, such as his sex...he answered both

EXHIBIT "A"

HENRY NARANJO
SS NO.: 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
DOB: 02-24-58
DOI: 07-07-97
PAGE 2

hembre and macho for male or female. I questioned Mr. Valdez as to the examinee's educational level and he stated that Mr. Naranjo completed high school in Colombia.

I requested that the interpreter be allowed to assist the examinee, who was obviously struggling. The interpreter, Mr. Fuchs, began assisting the examinee, using the English version, but was critical of some of the Spanish translation.

When the examinee came to page 6, in the questionnaire, he asked if he should write his prior arrest for DUI. The interpreter informed him that he should write it down and Mr. Valdez agreed that he could write it down, but noted it was also irrelevant to the case.

Once the examinee reached page 9, concerning social information, Mr. Valdez, stopped the interpreter stating that he refused to allow the interpreter to continue to explain the questions to the examinee. All three individuals proceeded to leave the office at 11:05 a.m.

As background to the morning, news was coming in over the radio concerning the accidents in New York, Pennsylvania and Washington, D.C. Mr. Valdez reported having visited the World Trade Center with his uncle and was quite upset, as we all were with the unfolding tragedy.

For your information, we have never had an attorney refuse to allow an interpreter to interpret.

Sincerely,

Maureen J. Orr, R.N.

Elsie Unger 9-28-01



ELSIE UNGER
Notary Public, State of Florida
Commission No. CC 825009
My Commission Expires 4/30/03