UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRY NARANJO

   Plaintiff,

vs.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.

   Defendants,
_____/

PALMER JOHNSON, INC.

   Third Party Plaintiff,

vs.

TOM FEXAS YACHT DESIGN, INC.

   Third-Party Defendant.
_____/

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

NIGHT FILE
OCT 1 * 2001
CLARENCE
CLERK, USDC

## PLAINTIFF, HENRY NARANJO'S, MOTION IN LIMINE NEGLIGENCE OF BRADFORD MARINE

Comes now the Plaintiff, HENRY NARANJO, by and through his undersigned counsel, and files this Motion in Limine seeking an order to exclude any evidence of the negligence of Bradford Marine from being admitted at trial and, further, directing the defendants not to mention or refer to the negligence of Bradford Marine to the trier of fact, and states as follows:

1. HENRY NARANJO was an employee of Bradford Marine on July 7, 1997, when he was injured in an explosion on the Yacht "Souvenir", *ex* "Captivator." HENRY NARANJO was injured in the course and scope of his employment with Bradford Marine and filed a claim under the Longshore and Harbor Workers Compensation Act (LHWCA). When

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

his claim under the LHWCA against Bradford Marine was resolved, HENRY NARANJO filed suit against the yacht's owner, Steven Smith, and the manufacturer of the yacht, Palmer Johnson, Inc., pursuant to 33 USC 905(b) and 33 USC 933, respectively.

2. While the principles of comparative negligence may be applicable as between HENRY NARANJO and the defendants, any negligence that may be attributable to Bradford Marine cannot be considered in this claim. The Supreme Court of the United States addressed this issue directly and held that " the employee may recover from the ship the entire amount of the damages so determined." Edmonds v. Compagnie Generale Transatlantique, 443 US 256, 266 (1979). While the 1972 amendment to the LHWCA eliminated the ship owners' liability to the longshoreman for unseaworthiness, there is nothing in the statute or its history expressly indicating that Congress intended to modify the existing rules governing the longshoreman's negligence suit against the vessel owner by diminishing his recovery for damages from the vessel owner on the basis of proportionate fault of the non-party stevedore. *Id.* at 262. The changes to 905(b) in 1972 did not effect the pre-existing rule that a longshoreman who is injured by the concurrent negligence of the stevedore and the ship may recover for the entire amount of his injuries from the ship. Walker v Blacksea Steamship Company, 637 F.2d 287 (5 Cir. 1981).

3. It is well settled that any negligence on the part of Bradford Marine that may have contributed to the plaintiff's injuries is not to be considered by the jury in determining damages. The presentation of any evidence regarding the negligence of Bradford Marine, if any, would have no probative value in determining the rights and liabilities of the

2

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

parties to this lawsuit, and any such evidence would do nothing more than mislead or confuse the jury.

WHEREFORE, the Plaintiff, HENRY NARANJO, respectfully requests this Honorable Court to enter an Order directing the Defendants from presenting any evidence or otherwise mentioning any comparative negligence of Bradford Marine to the Jury.

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing **PLAINTIFF'S MOTION IN LIMINE** was mailed on this ___11___ day of October, 2001, to the parties listed on the attached List of Service.

Respectfully submitted,

BLANCK & PERRY, P.A.
Co-Counsel for Plaintiff
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
Tel: 305/663-0177; Fax: 305/663-0146

BY: _____
F. DAVID FAMULARI, ESQUIRE
FLA. BAR NO. 0860506

3

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

## LIST OF SERVICE

**John D. Kallen, Esquire** (Fla. Bar No.: 277428)
Badiak, Will & Kallen
Counsel for Stephen Byron Smith
17071 West Dixie Highway
North Miami Bch, FL 33160
Tel: 305/945-1851
Fax: 305/944-8780

**David L. Weber, Esquire** (Wisc. Bar No.: 1010749)
Pinkert Law Firm LLP
Co-Counsel for Palmer Johnson, Inc.
454 Kentucky Street
Sturgeon Bay, Wisconsin 54235-0089
Tel: 1/920/743-6505
Fax: 1/920/743-2041

**Frank J. Sioli, Esq.** (Fla. Bar No.: 9652)
Valle & Craig, P.A.
Counsel for Palmer Johnson, Inc.
Dadeland Center, Suite 1000
9155 S. Dadeland Boulevard
Miami, FL 33156
Tel: 305/373-2888
Fax: 305/373-2889

**Joseph L. Mannikko, Esq.** (Fla. Bar No.: 383120)
Mannikko & Baris
Counsel for Tom Fexas Yacht Design, Inc.
870 S.W. Martin Downs Boulevard
Suite 1
Palm City, Florida 34990
Tel: 561/283-0084
Fax: 561/283-1084