UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

HENRY NARANJO

    Plaintiff,

vs.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.

    Defendants,
_____/

PALMER JOHNSON, INC.

    Third Party Plaintiff,

vs.

TOM FEXAS YACHT DESIGN, INC.

    Third-Party Defendant.
_____/

### PLAINTIFF, HENRY NARANJO'S, MOTION IN LIMINE NEGLIGENCE OF HENRY NARANJO

Comes now the Plaintiff, HENRY NARANJO, by and through his undersigned counsel, and files this Motion in Limine seeking an order to exclude any evidence of the negligence of HENRY NARANJO from being admitted at trial and, further, directing the defendants not to mention or refer to the negligence of HENRY NARANJO, if any, to the jury, and states as follows:

1.    HENRY NARANJO was an employee of Bradford Marine on July 7, 1997, when he was injured in an explosion on the yacht "Souvenir", *ex* "Captivator." HENRY NARANJO was a welder and was assigned by his supervisor, Tony Watson, to work

on the "Souvenir" under the direction of the yacht's captain, John Bredbeck. At the time this incident occurred, the "Souvenir" was undergoing major renovations and Captain Bredbeck had a list of welding jobs that he wanted HENRY NARANJO to do.

2. On July 7, 1997, Captain Bredbeck directed HENRY NARANJO to assist in the installation of two hydraulic pumps in the lazarette of the yacht. Specifically, HENRY NARANJO was ordered to fabricate two aluminum doubler plates and weld them to the floor of the lazarette. When HENRY NARANJO commenced welding the first aluminum plate, an explosion occurred in a void space that was under the floor of the lazarette and HENRY NARANJO was severely injured.

## MEMORANDUM OF LAW

If a maritime worker is injured because he was following the order of his superior, there can be no contributory negligence. Earl v. Bouchard Transportation Company, Inc, 917 F2d 1320, 1324 (2Cir. 1990) citing Darlington v. National Bulk Carriers Inc, 157 F2d 817 (2d Cir.1946). While the Earl case involved a seaman following the orders of the vessel's captain, the same principle has been held to apply to a longshoreman working in the hold of a vessel pursuant to orders. See, Simpson v Royal Rotterdam Lloyd v Associated Operating Company, 225 F.Supp 947 (SDNY 1964). Further, the Court in Gravatt v City of New York, et. al., 53 F.Supp 2d 388 (SDNY 1999), reversed on other grounds, 226 F3d 108 (2 Cir.2000), held that an injured dockworker making a claim under 905 (b) cannot be held contributorily negligent if the injured worker is following the orders of his supervisor.

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

In the instant case, HENRY NARANJO was told by his supervisor at Bradford Marine to report to the yacht "Souvenir" and work under the direction and supervision of Captain Bredbeck, the representative of the yacht's owner. Before he began welding, HENRY NARANJO took the necessary precautions by thoroughly venting the area, posting a fire watch, and asking Captain Bredbeck what was under the lazarette floor. While it has been held that unwarranted obedience to an absurd or obviously dangerous order may be negligent, there is no indication here of such a circumstance. The presentation of any evidence regarding the negligence of HENRY NARANJO, if any, would have no probative value in determining the rights and liabilities of the parties to this law suit, and any such evidence would do nothing more than mislead or confuse the jury.

WHEREFORE, the PLAINTIFF, HENRY NARANJO, respectfully requests this Honorable Court to enter an Order prohibiting the Defendants from presenting any evidence or otherwise mentioning any comparative negligence of HENRY NARANJO to the jury.

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true and correct copy of the foregoing **PLAINTIFF'S MOTION IN LIMINE** was mailed on this ___11___ day of October, 2001, to the parties listed on the attached List of Service.

BLANCK & PERRY, P.A.
Co-Counsel for Plaintiff
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
Tel: 305/663-0177; Fax: 305/663-0146

BY: _____
F. DAVID FAMULARI, ESQUIRE
FLA. BAR NO. 0860506

3

CASE NO.: 00-6022-CIV-LENARD
MAGISTRATE JUDGE TURNOFF

## LIST OF SERVICE

**John D. Kallen, Esquire**   (Fla. Bar No.: 277428)
Badiak, Will & Kallen
**Counsel for Stephen Byron Smith**
17071 West Dixie Highway
North Miami Bch, FL 33160
Tel: 305/945-1851
Fax: 305/944-8780

**David L. Weber, Esquire**   (Wisc. Bar No.: 1010749)
Pinkert Law Firm LLP
Co-Counsel for Palmer Johnson, Inc.
454 Kentucky Street
Sturgeon Bay, Wisconsin 54235-0089
Tel: 1/920/743-6505
Fax: 1/920/743-2041

**Frank J. Sioli, Esq.**   (Fla. Bar No.: 9652)
Valle & Craig, P.A.
Counsel for Palmer Johnson, Inc.
Dadeland Center, Suite 1000
9155 S. Dadeland Boulevard
Miami, FL 33156
Tel: 305/373-2888
Fax: 305/373-2889

**Joseph L. Mannikko, Esq.** (Fla. Bar No.: 383120)
Mannikko & Baris
Counsel for Tom Fexas Yacht Design, Inc.
870 S.W. Martin Downs Boulevard
Suite 1
Palm City, Florida 34990
Tel: 561/283-0084
Fax: 561/283-1084