UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HENRY NARANJO and  　　　　　　　　CASE NO.: 00-6022-CIV-LENARD
MARLENE RAMIREZ  　　　　　　　　　JUDGE: WILLIAM C. TURNOFF

　　Plaintiffs,

v.

STEPHEN BYRON SMITH, and
PALMER JOHNSON, INC.

　　Defendants,
_____/

PALMER JOHNSON, INC.

　　Third Party Plaintiff,

v.

TOM FEXAS YACHT DESIGN, INC.

　　Defendant.
_____/

## TOM FEXAS YACHT DESIGN, INC.'S MOTION IN LIMINE

Tom Fexas Yacht Design, Inc. (Fexas), moves this Court for an entry of an Order limiting and/or excluding the following matters from being involved in the trial of this cause to insure a fair trial and to prevent overall prejudicial evidence and remarks by plaintiffs' counsel.

The Court should limit or preclude evidence, comments or reference by plaintiffs' counsel in voir dire, opening statement and during the trial on the following issues.

Should Plaintiffs' counsel attempt to invoke or bring up any of these issues at trial,

1

third party defendant's counsel's objections during trial would not serve as a timely and adequate remedy to the prejudicial matters since the damages caused would be of an irreparable nature. Any instruction which the court might give in an attempt to correct the harm done by raising or commenting on these issues would be ineffective after the comments are made. Therefore, Fexas respectfully requests the preclusion of:

1. Use by the plaintiffs' experts of any authoritative texts, papers, publications, or treatises authored by the plaintiffs' experts or others to bolster or otherwise support the plaintiff's expert opinion.

2. Any statement by the plaintiffs experts about the credibility, accuracy, or reputation of the opinions or character of the defendant's experts.

3. Any opinions by the plaintiff's experts that were not previous disclosed in their depositions or reports.

4. Any comments by the plaintiffs' experts about their own personal conditions, or the conditions of their family members, friends, or own patients.

5. Any reference to the defendants' expert witnesses as "hired guns."

6. Any mention or attempt to pass judgment on witnesses by using terms such as "good soldier" or "this joker."

7. Any comment or inference that counsel for the defendants is treating the jurors like "fools" or "idiots."

WHEREFORE, Fexas respectfully request this Court for entry of an Order in Limine on all the issues stated above based upon the argument and authorities set forth herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 11th day of Oct., 2001 to **Laurence F. Valle, Esquire**, **Frank J. Sioli, Esquire**, Valle & Craig, P.A. at 9155 South Dadeland Boulevard, Suite 1000, Dadeland Centre, Miami, Florida 33156; **F. David Famulari, Esquire**, Blanck & Perry, P.A., 5730 SW 74th Street, Suite 700, Miami, FL 33143; **Manuel Valdes, Esquire,** Law Offices of John W. Burke, P.A., Suite 330, Ocean Bank Building 782 NW 42nd Avenue Miami, FL 33126, **David Weber, Esquire** and the **Pinkert Law Firm, LLP**, 454 Kentucky Street, Sturgeon Bay, WI 54235-0089; and **John D. Kallen**, Badiak, Will & Kallen, 17071 West Dixie Highway, North Miami Beach, FL 33160.

MANNIKKO & BARIS

By: _____
Joseph L. Mannikko 383120
Counsel for Tom Fexas Yacht Design, Inc.
870 SW Martin Downs Blvd., Suite 1
Palm City, Florida 34990
(561) 283-0084
(561) 283-1084 facsimile

F:\FEXAS\Mot in Limine01.wpd

3