LFV/clj

NIGHT BOX
FILED

OCT 16 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

HENRY NARANJO and
MARLENE RAMIREZ,

    Plaintiffs,

vs.

STEPHEN BYRON SMITH, PALMER
JOHNSON EXPORT SALES, INC.,
PALMER JOHNSON DISTRIBUTORS,
INC., and PALMER JOHNSON, INC.,

    Defendants.
_____/

PALMER JOHNSON, INC.,

    Third Party Plaintiff,
v.

TOM FEXAS YACHT DESIGN, INC.,

    Third Party Defendant.
_____/

CASE NO. 00-6022-CIV-LENARD
Magistrate Judge Turnoff

### PALMER JOHNSON'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT, PALMER JOHNSON, INC.'S SECOND AMENDED EXPERT WITNESS DISCLOSURE

COMES NOW the Defendant, PALMER JOHNSON, INC., by and through its undersigned attorneys, and in response to the Plaintiff's Motion to Strike Defendant, PALMER JOHNSON's, Second Amended Expert Witness Disclosure, states the following:

CASE NO. 00-6022-CIV-LENARD
Page 2

1.  That the Plaintiff's Motion to Strike Thomas J. Goldschmidt, M.D. is not well-taken, in that Plaintiff's counsel had <u>agreed</u> to have his client examined by Dr. Goldschmidt on the psychological/psychiatric issues raised in this case through Plaintiff's expert, Michael E. Hendrickson, Ph.D., a psychologist. In point of fact, Mr. NARANJO appeared for Dr. Goldschmidt's examination, accompanied by Mr. Manny Valdes, co-counsel for the Plaintiff. The Motion to Strike Dr. Goldschmidt is moot at this point in that Dr. Goldschmidt's examination of Mr. NARANJO was sufficiently disrupted so that the examination was terminated and Mr. NARANJO and Mr. Valdes departed Dr. Goldschmidt's office prior to Dr. Goldschmidt's actual examination of the Plaintiff. Defendant, PALMER JOHNSON, has filed a Motion for Sanctions because of this incident, dated September 18, 2001, and same is pending a ruling.

2.  Defendant, PALMER JOHNSON, acknowledges that Mark Tortura and Peter Rimmel were previously deposed in this matter and Defendant, PALMER JOHNSON, has no intention of going beyond the testimony given in their depositions. However, since both Mr. Rimmel and Mr. Tortura offered opinions within their particular fields of expertise (Rimmel as a marine chemist and Tortura as a welder), Defendant, PALMER JOHNSON, listed them as "experts" in an abundance of caution so that their testimony could be heard by the Court in full. Defendant, PALMER JOHNSON, has no intention of going beyond the testimony already provided by Messrs. Rimmel and Tortura in their depositions, taken well before the discovery cut-off period, and therefore, there can be no undue prejudice to the Plaintiffs or unfair surprise, by their rendering that same testimony at trial. They are <u>not</u> expert witnesses retained by this

CASE NO. 00-6022-CIV-LENARD
Page 3

Defendant, but simply witnesses who will be rendering testimony potentially within the realm of "expert" opinions, and hence their listing as such.

WHEREFORE, Defendant, PALMER JOHNSON, respectfully submits that the Plaintiff's Motion to Strike Messrs. Rimmel and Tortura as "experts" in this case should be denied.

VALLE & CRAIG, P.A.
Co-Counsel for Palmer Johnson, Inc.
Dadeland Centre, Suite 1000
9155 South Dadeland Boulevard
Miami, Florida 33156
Telephone:  (305) 373-2888
Facsimile:  (305) 373-2889
Email:  valle@vallecraig.com

By: _____
Laurence F. Valle, Esquire
Florida Bar No. 121382

CASE NO. 00-6022-CIV-LENARD
Page 4

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing motion has been furnished by mail this 16th day of October, 2001 to: **Manuel Valdes, Esquire**, Law Offices of Manuel Valdes, Attorneys for Plaintiffs, Manuel F. Valdes, Esquire, **Attorney for Plaintiffs,** LAW OFFICE OF MANUEL VALDES, 28 West Flagler Street, Suite 202, Miami, Florida 33130 ; **F. David Famulari, Esquire**, Co-Counsel for Plaintiffs, Blanck & Perry, P.A., 5730 SW 74th St., Suite 700, Miami, FL 33143; **John D. Kallen, Esquire**, Badiak, Will & Kallen, Attorneys for Stephen Byron Smith, 17071 West Dixie Highway, North Miami Beach, Florida 33160; and **David L. Weber, Esquire**, Pinkert Law Firm LLP, 454 Kentucky Street, P.O. Box 89, Sturgeon Bay, WI 54235-0089; **Joseph L. Mannikko, Esquire**, Mannikko & Baris, P.A., 870 S.W. Martin Downs Boulevard, Suite 1, Palm City, Florida 34990; and **Warren K. Sponsler, Esquire**, Sponsler & Bennett, P.A., Attorneys for The Zenith, 9950 Princess Palm Avenue, Registry II, Suite 102, Tampa, Florida 33619.

Laurence F. Valle, Esquire